## J. L. BLACKWELL v. THE STATE.

### No. 7123. Decided October 25, 1922.

#### Procuring—Judgment in Misdemeanor Cases—Rule Stated.

The rule is that in misdemeanor cases separate offenses may be charged in separate counts, all of which may be disposed of in one trial, and conviction had upon the different offenses so charged, and where the County Court proceeded in this manner there was no reversible error. Following Sanders v. State, 70 Texas Crim. Rep., 209, and other cases.

Appeal from the County Court of Tom Green. Tried below before the Honorable J. T. Matthison.

Appeal from a conviction of procuring; penalty, a fine of $200, and six months confinement in the county jail for each separate offense.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Tom Green County of the offense of procuring and appeals.

The indictment contained three counts, each charging the offense of procuring and alleging that appellant solicited the same young woman upon three separate days and on each of those days made dates for her and induced her to consent to carnanl intercourse with a man. On the trial the court submitted in the charge to the jury the guilt of the accused of each of said three separate offenses, and he was by the jury found guilty of each offense and his punishment fixed at a fine of $200 and six months in the county jail, in each case.

No exceptions were taken to anything transpiring upon the trial of the case, either to the charge of the court, or to the acceptance of

any evidence. But one question is raised in the motion for new trial and that is that the trial court was without power to here enter judgments of guilt in the three transactions charged in the separate counts in the indictment, and that judgment should be held invalid because it was one which the court had no power or jurisdiction to render.

The law seems well settled against appellant in this State. Hall v. State, 32 Texas Crim. Rep., 474; Tucker v. State, 65 Texas Crim. Rep., 628; Gould v. State, 66 Texas Crim. Rep., 423; Sanders v. State, 70 Texas Crim. Rep., 209. The proposition that in misdemeanor cases separate offenses may be charged in separate counts and that all may be disposed of in one trial and conviction had upon the different offenses so charged, seems upheld by these authorities and many others that are cited and referred to in them.

There being no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*