## BESSIE TEAL v. THE STATE.

No. 19858.    Delivered June 8, 1938.
Rehearing denied October 19, 1938.
Request for leave to file second motion for rehearing
denied November 2, 1938.

The opinion states the case.

*W. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor in dry territory, punishment assessed being a fine of $100.00.

The record is before this Court without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The original opinion herein is in error

wherein it states that appellant's punishment was assessed at a fine of $100.00. It should have read that her punishment was assessed at a fine of $100.00 in each of the three counts in the complaint and information, totaling the sum of $300.00.

Appellant complains in her motion of the verdict of the jury in that the jury returned a verdict finding the appellant guilty and assessing the fine at $100.00 in count No. 1, also again a like verdict in count No. 2, and also a like verdict in count No. 3, and the foreman signing his name at the bottom of each verdict, appellant thus contending that such a verdict was not a general verdict, and that on such grounds alone this cause should be reversed.

Unquestionably in misdemeanor "cases separate offenses may be charged in separate counts and the whole matter disposed of in one trial and convictions had in response to the different offenses so charged. And a judgment in such a case is not invalid because it is based on a verdict finding the accused guilty of three separate offenses alleged in different counts of the same indictment." 12 Tex. Jur. 694. See Blackwell v. State, 92 Texas Crim. Rep. 473, 244 S. W. 532; Sanders v. State, 70 Texas Crim. Rep. 209, 156 S. W. 927.

This being the law, we are at a loss to see how any other verdict could be properly rendered other than to say that in count No. 1 the defendant was either guilty or not guilty; the same as to count No. 2, and also as to count No. 3. The mere fact that the foreman of the jury seems to have signed his name three times on the same piece of paper, and after each finding of the jury, in our opinion, could not operate to vitiate this verdict. We think same is a general verdict that disposes of all the issues presented to the jury.

The motion is overruled.

### ON REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests leave to file a second motion for rehearing, and in connection therewith furnishes the court with a supplemental transcript which shows the verdict of the jury to have been as follows:

"We, the Jury, find the defendant guilty as charged in the first count in the information and assess her punishment by fine of $100.00 One Hundred Dollars.

"S. H. Keeton, Foreman.

"We, the Jury, find the defendant guilty as charged in the second count in the information and assess her punishment by fine of $100.00 One Hundred Dollars.

"S. H. Keeton, Foreman.

"We, the Jury, find the defendant guilty as charged in the third count in the information and assess her punishment by fine of $100.00 One Hundred Dollars.

"S. H. Keeton, Foreman."

We confess our inability to see the difference in the legal effect of the verdict in the form here presented than if it had stated that "We, the jury, find the defendant guilty as charged in the first, second and third counts in the information," and assessed her punishment by a fine of one hundred dollars in each count, aggregating the sum of three hundred dollars. In any event, it appears to be a general verdict and we can see no objection thereto.

Request to file second motion for rehearing is denied.