MORGAN GEORGE WARD V. THE STATE.

No. 23032. Delivered January 24, 1945.
Rehearing Denied March 7, 1945.

The opinion states the case.

*Russell A. Bonham* and *King C. Haynie,* both of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

This cause in the trial court bore No. 68,049, in which appellant was charged with driving an automobile upon a public highway while he was intoxicated.

Appellant waived a jury and was tried before the court who found him guilty and assessed his punishment at a fine of $200.00.

The facts in this case are precisely the same as found in cause No. 23,031 (our docket number) which was No. 68,048 in the lower court. We refer to our opinion in cause No. 23,031 (this date) (Page 96 of this volume) for a sufficient statement of the evidence.

The only bill of exceptions found in this record is that complaining of the admission in evidence of Officer Howard's testimony that appellant told the officer that he (appellant) was the driver of the car. For the reasons stated in our opinion in cause No. 23,031, this presents no error.

Appellant interposed a plea of jeopardy in the present case in a peculiar manner and under unusual circumstances. In the first place the plea of former jeopardy was not in compliance with Articles 508 and 509, C. C. P. It is a special plea which must be verified by the affidavit of the defendant. The plea here attempted to be interposed was only presented verbally. It came about in the following manner. All counsel agreed in open court that both causes No. 68,048 (charging aggravated assault) and No. 68,049 (charging drunken driving) would be tried at the same time and that evidence both for the State and defendant upon each and both offenses would be introduced during the same trial. No objection to such procedure was made by either counsel, but to the contrary, both counsel requested that such procedure be followed. After hearing the evidence the court

found appellant guilty upon the aggravated assault charge and fixed his punishment at $200.00. Thereupon, appellant's counsel verbally pleaded former jeopardy to any conviction in the "drunken driving" case. This plea was overruled by the court, to which appellant excepted as shown by the court's order entered on the minutes.

In addition to the one already mentioned, other reasons obtain why the court's ruling was correct. The judgment of conviction in the aggravated assault case was not final as is evident from the appeal to this court in such case. Only where the judgment of conviction is final can a plea of former jeopardy by reason of such conviction be entertained. See Ramirez v. State, 177 S. W. (2d) 976, and many cases therein cited; Branch's Ann. Tex. P. C., p. 319, sec. 630.

If appellant based his plea upon the proposition that he could not be convicted and punished twice for the same criminal act, we think his position untenable. Driving while intoxicated, and an assault with a vehicle driven is not the same criminal acts. A person could be guilty of "drunk driving" without striking or injuring anyone with the vehicle driven. On the other hand, the driver might be duly sober and yet be guilty of an aggravated assault with the vehicle. The two offenses here charged are separate and distinct offenses. See Tex. Jur. Vol. 12, p. 560, sec. 241; Thompson v. State, 99 Tex. Cr. R. 470, 269 S. W. 1048, and other cases cited in the notes under the foregoing text from Texas Jurisprudence.

In misdemeanor cases separate offenses may be charged in separate counts in the same indictment or information, and all may be disposed of in one trial and conviction had upon the different offenses so charged. Bishop's New Cr. Proc. (2d Ed.)., Vol. 1, sec. 452; Blackwell v. State, 92 Tex. Cr. R. 473, 244 S. W. 532; Tucker v. State, 65 Tex. Cr. R. 627, 145 S. W. 611; Gould v. State, 66 Tex. Cr. R. 421, 147 S. W. 247. Of course, this rule would not apply if it developed that apparently different offenses constituted the same criminal act. In this case, if the State had so desired, the two offenses charged might have been included in the same information and complaint under separate counts. Under the agreement to try both cases at the same time the situation became much the same as though both offenses had been charged in separate counts of the same information and complaint.

No error appears calling for a reversal.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant takes us to task because of the statement in the original opinion wherein a reference is made to the lack of form of his plea of former jeopardy, and the citation of Arts. 508 and 509 C. C. P. It is true that it is not always necessary to have a formal plea of jeopardy, nor under certain circumstances to have a written plea, and doubtless such statement in our original opinion was too broad and general.

Suffice it to say in this instance, we affirm that striking a man with an automobile and carrying him on the fender for approximately 140 feet, and striking another car, and being drunk at both times, could not be called one transaction under one volition. An assault with an automobile and driving while drunk are two separate and distinct transactions, animated by two separate and distinct volitions. We quote from 12 Tex. Jur., 560, referred to in the original opinion:

"The same transaction may constitute several distinct and separate offenses, in which case the defendant may be separately prosecuted and punished for each, and a conviction or acquittal for one will not constitute a bar to a trial for the others. And the fact that two distinct offenses are committed contemporaneously, or that one is committed in aid of the other, does not make them any the less distinct. Thus if the accused slays two persons with the intent or volition to kill both they are separate offenses although occurring at the same time, and a conviction or acquittal for one offense does not bar a prosecution for the other; an assault with intent to murder and carrying a pistol unlawfully are different offenses, though growing out of the same transaction; and a conviction on a charge of driving an automobile without lights does not bar a prosecution for transporting liquor in the automobile, though the defendant put out his lights to aid in concealing his transportation of the liquor. Further illustrations will be found in the articles dealing with specific crimes."

A further thought occurs to us relative to a final judgment in the case first passed upon in the trial court, and which was appealed to this court. There was no final judgment therein at the time same was endeavored to be used in such case before the trial court, and we can only wonder what the situation would have been had such cause been reversed by this court and a plea of former jeopardy had been sustained upon a conviction

which had afterwards been set aside, and was therefore no conviction.

We adhere to the proposition that appellant was found to be guilty of two separate and distinct transactions, operating under different volitions, one of drunken driving and one of an assault with an automobile.

The motion will therefore be overruled.