JOE GEORGE GOMEZ v. STATE.

No. 26,626.    November 18, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) January 13, 1954.

*Ray Stevens*, Austin, for appellant.

*Henry Wade*, Criminal District Attorney, *George P. Black-*

*burn, Wm. C. Dowdy, Jr.,* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery; the punishment, five years.

On March 28, appellant, accompanied by his attorney, the Honorable Bert Barr, appeared before the Criminal District Court No. 2 of Dallas County, charged with robbery with firearms. Upon written motion of the district attorney, the court dismissed that portion of the indictment alleging the use of firearms. A jury was waived, and the appellant plead guilty. By agreement it was stipulated that if J. L. Davis were present he would testify that on the day charged in the indictment the appellant accompanied by his accomplice and by the use of a pistol came into his grocery store and robbed him of $189.00. The details of the robbery were stipulated. It was further stipulated that one Edgar Fitts, if present in court, would testify that he was present at the time the robbery was committed and would identify the appellant as being present at the time of the commission of the offense. The appellant took the stand and testified that he was guilty and had taken the money from Mr. Davis at his grocery store. The trial court carefully questioned the appellant concerning his guilt.

Following this, on April 3, appellant, through another attorney, the Honorable Ray Stevens, filed a motion for new trial, alleging that the evidence was insufficient to support the conviction; that there was no evidence of appellant's sanity adduced at the hearing; and further alleging that the appellant had misunderstood his counsel and entered his plea of guilty through fear of receiving the death penalty.

A hearing was had on such motion, and the careful trial court heard the evidence, and the same is before us.

The most that can be said for the showing made by the appellant at this hearing is that appellant's companion had threatened him with a pistol prior to the robbery; that he had not told his lawyer about it before the plea of guilty; and that he would rather have a punishment of five years than death. The appellant did not deny that he was present and exhibited a pistol on the day in question, nor did Mr. Davis or Mr. Fitts testify, nor was

it shown that they would not testify as it had been stipulated they would. Mr. Bert Barr testified fully at the hearing.

We have carefully reviewed the record and conclude that the trial court properly overruled the motion for new trial. This case is readily distinguishable from Eldridge v. State, No. 26,521 (page 79 of this volume).

The judgment of the trial court is affirmed.