ALVIN JONES V. STATE

No. 28,723. February 13, 1957.

*Burks & Brown,* by *Burton A. Burks,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney Austin, for the state.

DICE, Judge.

Appellant was convicted under the first count of the information of unlawfully selling gin in a dry area with a prior conviction alleged to enhance the penalty, and assessed punishment at one year in jail and a fine of $750.00; and under the second count of another separate and distinct offense of unlawfully selling whisky in a dry area and assessed punishment at ninety days in jail and a fine of $250.00.

From the judgment entered by the court, ordering appellant committed to jail for fifteen months and assessing a fine in the amount of $1000.00, he brings this appeal.

State's Liquor Control Board Inspector W. E. Russell testified that on August 29, 1955, he purchased two half-pints of Gordon's gin from the appellant at his place in the city of Lubbock, Lubbock County, Texas, and that thereafter on September 8, 1955, he purchased from appellant at his place two half-pints of Windsor whisky.

The state offered evidence of appellant's prior conviction alleged to enhance the punishment under Count No. One of the information which will be hereafter discussed.

It was stipulated that Lubbock County was a dry area.

Appellant did not testify or offer any evidence in his behalf.

At the outset appellant insists that the case should be reversed because the record shows that the judgment was entered prior to the receipt and filing of the verdict. His contention is based upon the fact that the verdict is shown to have been filed by the clerk on June 8, 1956, and the judgment was entered June 7, 1956.

We are unable to agree with the appellant that under the record it is shown that the judgment was entered prior to the return of the verdict. The judgment contains the verdict and recites that it was received by the court and entered upon the minutes. Art. 690, V.A.C.C.P. provides that upon receipt of the verdict, it shall be entered upon the minutes of the court. The statute does not require that the verdict be filed. Williams v. State, 7 Texas App. 163. The fact that the verdict is shown

to have been filed by the clerk on the day after the judgment was entered is insufficient to impeach the recitation in the judgment showing that it was based upon the verdict which had been received by the court and entered upon the minutes.

The prior conviction alleged and relied upon by the state to enhance the punishment under the first count of the information was a judgment of conviction entered in the County Court at Law of Lubbock County in Cause No. 19527 on November 29, 1954, wherein appellant was convicted under multiple counts in the information of three separate offenses of selling whisky in a dry area and upon appeal to this court the judgments of conviction under counts one and two were reversed and the judgment of conviction under count three was affirmed. Jones v. State, 159 Texas Cr. Rep. 399, 278 S.W. 2d 844.

The complaint and information, in describing the prior conviction, alleged in substance that appellant had been previously convicted on the 29th day of November, 1954, in the County Court at Law of Lubbock County, Texas, in Cause No. 19527, of unlawfully selling whisky to Loyd Dunlap in a dry area.

Appellant filed exceptions and a motion to quash the complaint and information on the ground that in describing the prior conviction it was not alleged under which count of the information he was convicted. He insists that because, on the appeal of the prior conviction, the judgments of conviction under counts numbers one and two were reversed and the conviction under count number three was affirmed, he was entitled to be apprised of which prior offense and conviction in the judgment the state was relying on in order to prepare his defense. We find no merit in such contention. Since only one of the judgments of conviction against appellant was affirmed, he could not have been misled by the state's failure to allege under which count and which conviction in the judgment it was relying to enhance the penalty. The complaint and information sufficiently described the prior conviction. It is not necessary that a prior conviction which is being relied upon to enhance the punishment be alleged with the same degree of particularity as is required in alleging a primary offense. Richardson v. State, 159 Texas Cr. Rep. 89, 261 S.W. 2d 585, and Gomez v. State, 159 Texas Cr. Rep. 291, 280 S.W. 2d 278.

In making proof of the alleged prior conviction, the state was permitted to introduce in evidence, over appellant's objection, that portion of the information, judgment and mandate

of this court showing appellant's prior conviction under Count No. Three of the information.

Appellant contends that the court erred in permitting the state to make such proof for several reasons.

He first insists that his prior conviction under the third count of the information was not a final conviction because of the reversal of the judgments of conviction under Counts Nos. One and Two. We find no merit in this contention.

In misdemeanor cases, separate offenses may be charged in separate counts of the information and all may be disposed of in one trial and conviction had upon the different offenses so charged. Blackwell v. State, 92 Texas Cr. Rep. 473, 244 S.W. 532, and Ward v. State, 148 Texas Cr. Rep. 186, 185 S.W. 2d 577. The prior judgment of conviction against appellant was for three separate and distinct misdemeanor offenses. The reversal of the judgments as to the conviction under Counts Nos. One and Two did not affect the finality of the judgment of conviction under Count No. Three.

The judgment of conviction under Count No. Three is not invalid because it was not reformed in our opinion in Jones v. State, supra, to provide only for the punishment assessed in the judgment of conviction under Count No. Three. The mandate issued by this court shows the order of this court affirming the judgment of conviction under Count No. Three and states the punishment thereunder. Under the judgment and manate of this court, the punishment assessed under Count No. Three can be ascertained and enforced.

We do not agree with appellant's contention that permitting the state to show appellant's prior conviction under the third count of the information was tantamount to informing the jury that he had been convicted under the other two counts of the information. No evidence was introduced before the jury which would authorize them to conclude that appellant had been convicted under Counts Nos. One and Two of the information.

We have considered the argument of the state's counsel to which appellant complains in Bill of Exception No. 5 and conclude that it does not reflect reversible error. From the argument shown in the bill, it appears that state's counsel, in answer to the argument of appellant's counsel that there was nothing to indicate that appellant was "a big time 'bootlegger' ",

inferred that he was because he had employed counsel which represented him. We do not construe such inference as derogatory of appellant's counsel and it may be construed as complimentary of him. Such argument was not calculated to injure appellant.

We find the evidence sufficient to support the conviction and no reversible error appears in the record.

The judgment is affirmed.

Opinion approved by the Court.