**Ex parte Patty CANTRELL, Appellant.**

**No. 60492.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 2, 1979.

Paul G. Johnson, Huntsville, for appellant.

Tim C. Curry, Dist. Atty. and William D. Kane, Asst. Dist. Atty., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

 In this post-conviction habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P., the parties agree that the carving doctrine is applicable.[1] The only question to be decided is which of two convictions must be set aside. The matter is presented in much the same posture as it was in *Ex Parte Cantrell,* 571 S.W.2d 33 (Tex.Cr.App.1978), apparently a separately indicted co-defendant with our petitioner. Here, as there, the habeas court, being also the convicting court, did not hold a formal

evidentiary hearing but, as contemplated by petitioner in her application, reviewed the records of the court[2] and made the following germane findings of fact:

"1. * * *

2. The Court first accepted a plea of guilty from Petitioner in cause number 83407 for the robbery of Thomas Nanney on February 12, 1971. Petitioner was assessed a life sentence.

3. * * *

4. The Court lastly accepted a plea of guilty from Petitioner in cause number 83406 for the offense of assault to murder Thomas Nanney on February 12, 1971. Petitioner was assessed a 25-year sentence to run concurrently with the life sentence in cause number 83407."

Based upon these findings the habeas court recommends that the conviction in Cause Number 83406 for the offense of assault to murder be set aside. We agree.

Not only are the fact findings supported by the files and records examined by the habeas judge—a procedure found constitutionally sufficient in *Ex Parte Davila,* 530 S.W.2d 543, 545 (Tex.Cr.App.1975)—but our own independent examination of materials in the record presented to us now lends credence to those findings.[3] Furthermore, while the order of disposing of two of the three causes on the same day is somewhat different from *Ex Parte Cantrell,* supra, in each instance the offense of assault to mur-

---

1. The doctrine "allows the prosecutor to carve as large an offense out of a single transaction as he can, yet he must cut only once," *Simco v. State,* 9 Tex.Ct.App. 338, 349 (1880) citing *Quitzow,* 1 Tex.Ct.App. 47, 53 (1876); *Herera v. State,* 35 Tex.Cr.R. 607, 34 S.W. 943, 944 (1896); *Ex Parte Caldwell,* 537 S.W.2d 265, 266 (Tex.Cr.App.1976); 1 Branch's Penal Code, 2d Ed., 265, § 654.

2. In her sworn application petitioner states: "Petitioner does not recall which conviction came first. If the records do not reflect

which conviction came first, the conviction with the highest cause number should be reversed. If the records do reflect the sequence, whichever conviction came second should be reversed."

3. *Inter alia,* the docket entries permit inferences consistent with the findings. Thus in Cause Number 83407 it is noted that the life sentence imposed is "to commence" on a stated date and in Cause Number 83406 the sentence of 25 years is noted to run concurrently with Cause Number 83407, a commencement date neither

der Thomas Nanney was the last of three convictions and was made to run concurrently in the same fashion.

We therefore conclude that conviction for assault with intent to commit murder with malice in Cause Number 83406 is violative of the carving doctrine and, accordingly, petitioner is entitled to relief here ordered.

The writ of habeas corpus is granted, the conviction in Cause Number 83406 is vacated and set aside and the indictment in that cause is dismissed. Therefore, petitioner is released from custody and every manner of restraint in her personal liberty as a consequence of the conviction.[4] The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

---

noted nor needed since it had already been provided in Cause Number 83407.

4. Articles 11.07 and 11.64, V.A.C.C.P.; *Ex Parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App. 1977).