**Ex parte Carl Raymond ROGERS, Jr.**

No. 68847.

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

Curits C. Mason, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This application for a writ of habeas corpus for post-conviction relief under Article 11.07, V.A.C.C.P., demonstrates that though the carving doctrine be abandoned constitutional jeopardy problems remain unresolved.[1]

In *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Opinion of the Court pointed out:

"The *Blockburger* [*v. U. S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. * * *

Because we conclude today that a lesser included and a greater offense are the same under *Blockburger*, we need not decide whether the repetition of proof required by successive prosecutions against Brown would otherwise entitle him to *the additional protection* offered by *Ashe* [*v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469] and [*In re*] *Nielsen* [131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118]."[2]  *Id.*, n. 6, 432 U.S. 166–167, 97 S.Ct. 2226.

Alas, that is the very question remaining in the cause at bar.

Applicant shows that he was separately tried and convicted under the former penal code for the offense of murder with malice and the offense of robbery by assault. The murder case was tried to a jury which found applicant guilty and assessed punishment at confinement for life; thereafter in a guilty plea trial for robbery applicant was found guilty by the trial court which assessed punishment at confinement for sixty years. The respective sentences were to be served concurrently.

Without any doubt both offenses in this all too commonplace situation occurred during one "episode."[3]  Indeed, in the memorandum of law it submitted to the habeas court to show the carving theory asserted by applicant was not implicated, the State framed the evidentiary issue thusly:

"In essence the big question is 'exactly' where and when the robbery occurred—including the distance between the locations of and time lapse between the robbery and murder in Mr. M's store on October 27, 1973."

The hearing below was held on order of this Court directing it, *viz*:

---

1. The writer dissented as vigorously as deference toward opposing views permits in *Ex parte McWilliams*, 632 S.W.2d 574 (Tex.Cr. App.1982), calling attention to the existence of extant jeopardy standards other than *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which a majority of the Court embraced in *McWilliams*, supra. (Dissenting Opinion, p. 580.)

2. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). (All emphasis is added by the writer of this opinion unless otherwise indicated.)

3. The term is used advisedly to avoid trenching on the rejection in *McWilliams* the notion of "transaction" that underlies the carving doctrine.

" ... Therefore, the trial court should hold an evidentiary hearing to allow the Petitioner to more fully develop his allegations. The trial court should then make findings of fact as to whether Petitioner's two convictions are or are not violative of the carving doctrine. * * * The trial court may also make any further findings of fact and conclusions of law which it deems appropriate and relevant to the disposition of Petitioner's application for habeas corpus relief."

Applicant had not appealed either conviction, and as a consequence, the notes of the court reporter, if they existed, could not be located and were never produced—a matter of which applicant was aware. At the evidentiary hearing, then, the parties undertook to reconstruct the facts of the "episode." Applicant testified as to his version; the State presented circumstantially and hypothetically its theory. The habeas court found, *inter alia*, that applicant's testimony as a witness "is not to be believed" and that "the separation in time between the robbery and murder is not as clear," but that "the murder occurred soon after the robbery." Thus, the court further found, applicant "has failed in his proof" on the carving issue. We agree.

Still, the issue of whether applicant is entitled to "the additional protection offered by *Ashe* and *Nielsen*" is not answered. Nor may we do so today for without a record of the murder trial, or a credible account of evidence as adduced then, it cannot be determined whether "the second prosecution [for robbery] requires the relitigation of factual issues already resolved by the first [for murder]." *Brown v. Ohio*, supra, 432 U.S. at n. 6, 166–167, 97 S.Ct. at n. 6, 2226.

Accordingly, the requested relief is denied.

ODOM, Judge, concurring.

I concur in the denial of relief to petitioner. *Ex parte McWilliams,* 632 S.W.2d 574 (1982).

Reference by the majority to *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, is uncalled for under the facts in this case. In *Ashe* the prior *acquittal* of the defendant invoked the doctrine of collateral estoppel, prohibiting the subsequent relitigation of an issue that had been decided in his favor. In this case petitioner was *convicted* in both cases; no issue in the first case had been decided in his favor. The doctrine of collateral estoppel is irrelevant to today's decision.

I concur in the results only.

TOM G. DAVIS, DALLY, W. C. DAVIS and McCORMICK join this opinion.