### Ex parte Kirby Garland WORNELL.

### No. 68838.

Court of Criminal Appeals of Texas,
En Banc.

June 9, 1982.

Kirby Garland Wornell, pro se.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Wornell applies for habeas corpus relief from a conviction for aggravated rape. In 1979, the applicant was indicted in cause 4319 for the aggravated kidnapping of EMP with intent to violate and abuse her sexually. On the same day he was indicted in cause 4320 for the aggravated rape of EMP. Both offenses were alleged to have occurred on or about February 22, 1979. At the applicant's request, the causes were tried together. He pleaded guilty and testified that the allegations of the indictments were true and correct. He was given concurrent punishments of seven years' confinement.

The applicant claims that his being convicted and sentenced for both offenses violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. It did not; each offense required proof of facts not required of the other. *Ex parte McWilliams,* 632 S.W.2d 574 (Tex.Cr.App., 1982) (aggravated kidnapping, aggravated rape, and aggravated robbery).

The applicant also claims that his convictions violated the carving doctrine. The court, over this writer's dissent, abandoned that doctrine in *McWilliams, supra.*

Habeas corpus relief is denied.

CLINTON, Judge, dissenting.

The application for postconviction relief pursuant to Article 11.07, V.A.C.C.P. was prepared, filed and considered while the carving doctrine was alive and well. Thus, attention to all constitutional jeopardy protections was not concentrated on in the habeas court. So, though the carving doctrine be abandoned, principles of double jeopardy—other than those embraced in the *Blockburger* test—remain. See, e.g., *Ex parte Rogers,* 632 S.W.2d 748 (Tex.Cr.App. 1982) and *Ex parte Scott,* 633 S.W.2d 823 (Tex.Cr.App.1980) (Dissenting Opinion).

The Court does not address the question of "whether the repetition of proof required by successive prosecutions against [appellant] would otherwise entitle him to the additional protections" offered by other tenets of jeopardy law. See *Brown v. Ohio,* 432 U.S. 161, n. 6, 166–167, 97 S.Ct. 2221, n. 6, 2225, 53 L.Ed.2d 187 (1977). If it be that the record is such that the question is not fairly presented, we should remand the cause to the habeas court to permit development of relevant evidence.

I respectfully dissent.

ONION, P. J., and TEAGUE, J., join in this opinion.