**Ex parte Eugene SCOTT.**

No. 65958.

Court of Criminal Appeals of Texas, En Banc.

Nov. 26, 1980.

On Rehearing June 9, 1982.

---

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Petitioner applies for the issuance of a post conviction writ of habeas corpus, invoking the subject matter jurisdiction of this Court provided by Article 11.07, V.A.C.C.P.

The record reflects that petitioner was convicted upon his plea of no contest to the offense of aggravated rape in Cause No. 275,527 entered on July 12, 1978. The court assessed punishment at twenty years confinement in the Texas Department of Corrections. On the same day petitioner was also convicted upon his plea of no contest to the offense of robbery in Cause No. 272,396 and the court also assessed his punishment at twenty years imprisonment. There was no appeal perfected in either case.

Petitioner now asserts that the carving doctrine was violated by virtue of the fact that he was convicted of both aggravated rape and robbery when both offenses arose out of the same criminal transaction, were based on the same evidence, and were perpetuated on the same victim. Therefore petitioner contends that convictions for both robbery and aggravated rape are violative of the double jeopardy clauses in both the state and federal constitutions. We agree.

The indictments recite offenses involving the same victim on the same day, and the sentences taken from the judgments each refer to the other and state that the sentences are to run concurrently with each other. As this Court said in *Orosco v. State*, 590 S.W.2d 121, 124 (Tex.Cr.App.1979), "double jeopardy attaches when multiple offenses had arisen from 'an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim'." See also *Tatum v. State*, 534 S.W.2d 678 (Tex.Cr.App.1976).

Moreover, petitioner's failure to object does not constitute waiver of the carving doctrine or a double jeopardy violation. See *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Cr.App.1979), *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976). Neither does his plea of no contest waive a carving doctrine violation. See *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974).

In addition, the record shows that this application for a writ of habeas corpus was returned to the trial court, asking that the habeas judge hold an evidentiary hearing. Pursuant to this order the habeas judge conducted the evidentiary hearing on July 11, 1980 and found: (1) the aggravated rape and robbery arose out of the same criminal transaction; and (2) that the petitioner was sentenced first on the aggravated rape, Cause No. 275,527 and later that same day was sentenced on the robbery, Cause No. 272,396.

We accept the habeas judge's findings of fact. They are sufficient to rebut the presumption contained in *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.1974), that the lowest cause number was entered first. We are therefore constrained to follow our holding in *Ex parte Cantrell*, 580 S.W.2d 369, 370 (Tex.Cr.App.1979).

We thus conclude that the conviction for robbery, Cause No. 272,396, is violative of the carving doctrine and accordingly peti-

tioner is entitled to the relief here requested.

The writ of habeas corpus is granted, the conviction in Cause No. 272,396 is vacated and set aside and the indictment in that cause is dismissed.

It is so ordered. A copy of this opinion will be forwarded to the Texas Department of Corrections.

DOUGLAS, ODOM, DALLY and W. C. DAVIS, JJ., dissent.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission, petitioner was granted relief in this proceeding under Art. 11.07, V.A.C.C.P., on the grounds that his multiple convictions, upon pleas of no contest, for aggravated rape in Cause No. 275,-527 and robbery in Cause No. 272,396,[1] offenses which arose out of a single continuous transaction and which involved a single victim, violated the "carving doctrine" created by this Court.

This Court, in the recent case of *Ex parte McWilliams*, 632 S.W.2d 574 (1982), held that the carving doctrine has now been abandoned in Texas. We follow that opinion and for the reasons stated therein find no error in either of the applicant's convictions.

Additionally, we hold that there is no double jeopardy violation in applicant's convictions for aggravated rape and robbery. *Blockburger v. United States*, 284 U.S. 299,

52 S.Ct. 180, 76 L.Ed. 306 (1932), provides a test to determine if an individual is put in double jeopardy:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

See also: *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). As noted in *Ex parte McWilliams*, supra, the *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. Since aggravated rape (V.T.C.A. Penal Code, Section 21.03) requires proof of facts different than those required for robbery (V.T.C.A. Penal Code, Sec. 29.02), we find there is no double jeopardy violation in the convictions for aggravated rape and robbery.

The State's motion for rehearing is granted; the relief sought is denied.

CLINTON, Judge, dissenting.

This application for a writ of habeas corpus for postconviction relief under Article 11.07, V.A.C.C.P., again demonstrates that though a majority of the Court has abandoned the carving doctrine, constitutional jeopardy protections have not been jettisoned [1] and must be addressed on a case by case basis.[2]

---

1. Punishment was assessed at 20 years in each case.

1. The writer dissented as vigorously as deference toward opposing views permits in *Ex parte McWilliams*, 632 S.W.2d 574 (Tex.Cr.App. 1982), calling attention to the existence of extant jeopardy standards other than *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180,

76 L.Ed. 306 (1932), which a majority of the Court embraced in *McWilliams*, supra. (Dissenting Opinion, p. 826.)

2. See and compare the immediately delivered progeny of *McWilliams*, e.g., *Ex parte Williams*, 634 S.W.2d 727 (Tex.Cr.App.1982); *Ex parte Rogers*, 632 S.W.2d 748 (Tex.Cr. App.); *Ex parte Jones*, 634 S.W.2d 728 (Tex. Cr.App.1982).

In *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Opinion of the Court pointed out:

"The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. * * *

Because we conclude today that a lesser included and a greater offense are the same under *Blockburger*, we need not decide whether the repetition of proof required by successive prosecutions against Brown would otherwise entitle him to *the additional protections* offered by *Ashe* and *Nielsen*."[3] *Id.*, n. 6, 166–167, 97 S.Ct. n. 2226.

Applicant shows that he was separately tried and convicted first for the offense of aggravated rape and then for the offense of robbery.[4] After an evidentiary hearing ordered by this Court the habeas court found, *inter alia*, that both offenses "arose out of the same criminal transaction,"[5] and it seems clear enough from the record that the aggravating element in committing rape—"by threatening the imminent infliction of serious bodily injury and death"—also accomplished the robbery: did "threat-en and place the Complainant in fear of imminent bodily injury and death."

Notwithstanding the demise of the carving doctrine, applicant is entitled to that relief under jeopardy principles of both the Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and of Section 14 of the Bill of Rights in the Constitution of the State of Texas.

Without any doubt both offenses in this all too commonplace situation occurred during one "episode." The "additional protection" offered by *In re Nielsen*, supra, flows from its statement of the rule: "[A] person [who] has been tried and convicted for a crime which has various incidents included in it ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense," *id.*, 131 U.S. at 188, 9 S.Ct. at 676. Here, as in *Orosco v. State*, 590 S.W.2d 121 (Tex.Cr. App.1979) the same conduct, threatening to take life, "must provide the aggravating circumstances in both the rape and the robbery," *id.*, at 124. "The inhibition against double jeopardy is determined by the facts and circumstances and not by the name of the offense," *Doggett v. State*, 130 Tex. Cr.R. 208, 93 S.W.2d 399, 405 (1936) (Opinion on Rehearing). Accordingly, "[c]onviction for both the rape and the robbery is violative of the double jeopardy clauses of both the state and federal constitutions," *Orosco, id.*, at 124.

Because the Court does not grant relief under the *Nielsen* formulation and its appli-

---

**3.** *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). (All emphasis is added by the writer of this opinion unless otherwise indicated.)

**4.** Applicant swears that he and a confederate abducted the victim as she was returning to her car near the Harris County Courthouse by forcing her into the car and driving her in and about Houston while committing aggravated rape and robbery against her.

**5.** The quote is the finding of the habeas court. To avoid trenching on the rejection in *McWilliams* of the notion of "transaction" that is said to underlie the carving doctrine, the better term in jeopardy cases may be "episode," as I suggested in *Ex parte Williams* and *Ex parte Rogers*, supra. But see the accepted definition of *autrefois convict*: "Autrefois convict only requires that the transaction, or the facts constituting it, be the same," *Simco v. The State*, 9 Tex.App. 338 (Ct.App.1880).

cation in, e.g., *Doggett v. State* and *Orosco v. State*, both supra, I must again dissent.[6]

ONION, P. J., and ROBERTS and TEAGUE, JJ., join in this opinion.

**6.** By adhering to *McWilliams* in cases such as this one the majority must believe that its dispatch of the carving doctrine subsumed all extant jeopardy principles other than the single one enunciated in *Blockburger*, for it is steadfastly refusing even to mention them. Ignoring them now, I respectfully suggest, presages troubles of constitutional dimension in store for the bench and the bar of this State.