**Danial Ray STEELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00107–CR.**

Court of Appeals of Texas,
Waco.

July 20, 2005.

---

---

Brad K. Cune, Bryan, for appellant.

James M. Kuboviak, County Atty. for Brazos County, Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Danial Ray Steels was convicted by a jury on three counts of reckless driving, all charged in a single charging instrument. The court sentenced him to 30 days in jail on each count and no fine.[1] Steels appeals the factual sufficiency of the evidence of counts one and two. We will vacate and set aside the judgments on counts one and two.

## BACKGROUND

In 2002, Steels was driving his car to the mall during his lunch break. On the way to the mall, Steels allegedly drove recklessly and became confrontational with three men in another car. The three men contacted the police, reported the incident, and met with the police across the street from the mall. As the three men were speaking with the officer, they saw Steels driving in the parking lot of the mall across the street. The three men pointed Steels out to the officer, and another officer drove over to the mall parking lot.

Steels sped away from the officer, around a corner and close to a large group of people, including infants and children. The group had just exited the mall and was stepping off the curb when Steels sped around the corner, and the adults had to pull the children back. Steels swerved down one of the parking lot lanes to avoid the group. The group flagged down the officer and said that Steels had almost hit them. Another police officer stopped Steels down the road, and he was cited for a traffic violation (no insurance), warned that a warrant would be sought for the reckless driving charges, and was allowed to go back to his workplace. Later, an arrest warrant was issued and served on Steels for reckless driving.

Steels was charged by information on counts one and two for driving a motor vehicle upon a public roadway in willful and wanton disregard for the safety of Vickie Frucci and Kim Becan, respectively. Steels was also charged with a third count as to Ettie Orts. Frucci, Becan, and Orts were the adults in the group of people exiting the mall.

## DOUBLE JEOPARDY

Our examination of the entire record convinces us that we must vacate the convictions on counts one and two because of fundamental double-jeopardy error. We acknowledge that Steels did not object as to double jeopardy, has not raised the

---

1. The court signed and entered three separate judgments.

issue on appeal,[2] and we are mindful of the admonishment in *Hailey v. State,* cautioning against reversal based on unpreserved complaints of error at trial that violate "ordinary notions of procedural default." *Hailey v. State,* 87 S.W.3d 118, 121–22 (Tex.Crim.App.2002). For reasons we will state, review of this fundamental double-jeopardy error does not violate the rules about procedural default.

### Authority to Review

■ It has long been settled that no assignment of error on appeal is required in a criminal case. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990); *Carter v. State,* 656 S.W.2d 468, 468 (Tex. Crim.App.1983). "There is a fundamental proposition pertaining to appellate functions of the Judicial Department: A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases 'as a remedy to revise the whole case upon the law and facts, as exhibited in the record, . . . .' " *Carter,* 656 S.W.2d at 468 (citing *The Republic v. Smith,* 1841 WL 3098, 1841 Tex. LEXIS 16, *Dallam,* 407 (Tex.)). Thus, once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute. *Id.* at 469; *see also Perry v. State,* 703 S.W.2d 668, 670 (Tex.Crim.App.1986). The Texas Constitution and the statutes provide "a broad scope of review and revision . . . that is still recognized, acknowledged and confirmed by the Legislature." *See Carter,* 656 S.W.2d at 469; Tex.Code Crim. Proc. Ann. art. 44.25 (Vernon Supp.2004).

■ Further, the right to be free from cumulative punishments for the same crime, as guaranteed by the U.S. and State Constitutions, is such a basic and fundamental part of the American scheme of justice that we may "ex mero motu or ex proprio or sua sponte" address an issue involving this right in the interest of justice. *See Carter,* 656 S.W.2d at 468; *Martin v. State,* 630 S.W.2d 952, 957–58 (Tex. Crim.App.1982) (Teague, J., dissenting); *see also Hensarling v. State,* 829 S.W.2d 168, 173 (Tex.Crim.App.1992); *Howeth v. State,* 645 S.W.2d 787, 788 (Tex.Crim.App. 1983).

■ We may review an unpreserved double-jeopardy issue when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) when enforcement of usual rules of procedural default serves no legitimate state interests. *Gonzalez v. State,* 8 S.W.3d 640, 643 (Tex.Crim.App.2000); *Ramirez v. State,* 36 S.W.3d 660, 666 (Tex. App.-Waco 2001, pet. ref'd); *Murray v. State,* 24 S.W.3d 881, 888 (Tex.App.-Waco 2000, pet. ref'd). Both elements must be satisfied as a precondition to our review of this issue that was not complained of in the trial court. *See Murray,* 24 S.W.3d at 888–89.

■ First, the record is fully developed. Steels stood trial on all three counts and has presented a complete record of that trial for our consideration. This error can be resolved on the basis of the existing record, and it is not necessary to conduct further proceedings to expand the record with new evidence. *See Gonzalez,* 8 S.W.3d at 643; *Murray,* 24 S.W.3d at 889. Thus, if there is a double jeopardy violation, it can be determined from undisputed facts clearly apparent on the face of the record. *See Gonzalez,* 8 S.W.3d at 643; *Murray,* 24 S.W.3d at 889.

Second, enforcement of the usual procedural default rules serves no legitimate state purpose in this situation. The appro-

---

2. One could argue that the issue on appeal "fairly includes a double-jeopardy com-

plaint," but we will treat it as not raising the issue.

priate remedy for a double-jeopardy violation here is to vacate two of the convictions.[3] *Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1673–74, 84 L.Ed.2d 740 (1985); *Landers v. State,* 957 S.W.2d 558, 559 (Tex.Crim.App.1997). As a matter of state law, if there is a double jeopardy violation, we would be required to retain the conviction with the "most serious punishment," and vacate any remaining convictions that are the "same" for double jeopardy purposes. *Landers,* 957 S.W.2d at 560. Because Steels' convictions each had the same punishment, a finding of a double jeopardy violation would result in a judgment vacating two of the convictions. *See id.* at 559 (Tex.Crim. App.1997); *Nickerson v. State,* 69 S.W.3d 661, 668 (Tex.App.-Waco 2002, pet. ref'd). These changes would not require retrial or even a remand to the trial court. Thus, there are no adverse consequences resulting from a review of an unpreserved double jeopardy issue, and no legitimate state interests are negatively impacted by doing so. *See Shaffer v. State,* 477 S.W.2d 873, 875–76 (Tex.Crim.App.1971); *Duckett v. State,* 454 S.W.2d 755 (Tex.Crim.App. 1970). Because both elements of the *Gonzalez* test are satisfied, we will review "ex mero motu or ex proprio or sua sponte" an unpreserved double jeopardy issue.

### Double Jeopardy Authority

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision is applicable to the States through the Fourteenth Amendment. *See Brown v. Ohio,* 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). The Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty." TEX. CONST. art. I, § 14. The

Double Jeopardy Clause embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex. Crim.App.1994); *see also Saenz v. State,* 166 S.W.3d 270, 272 (Tex.Crim.App.2005); *Harris v. State,* 34 S.W.3d 609, 612–13 (Tex.App.-Waco 2000, pet. ref'd) (finding double jeopardy violation by defendant's convictions for manslaughter and intoxication manslaughter; vacated manslaughter conviction); *Price v. State,* 15 S.W.3d 577, 578 (Tex.App.-Waco 2000, pet. ref'd) (finding double jeopardy violation by defendant's conviction for possession of cocaine and possession of cocaine with intent to deliver; vacated possession offense).

The protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction. *Spradling v. State,* 773 S.W.2d 553, 556 (Tex.Crim.App.1989). Cumulative punishment, consistent with the Double Jeopardy Clause, may be imposed where separate offenses occur in the same transaction, as long as each conviction requires proof of an additional element which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Although *Blockburger* addressed a situation where the criminal conduct violated separate statutory provisions, its rationale is instructive to those situations where multiple victims are injured in violation of a single statute. *Spradling,* 773 S.W.2d at 553. In *Blockburger,* the Supreme Court set forth the applicable test:

---

**3.** Counts one and two are before us on a factual sufficiency issue.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. "At trial there may be a substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test." *Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex.Crim.App.1980) (op. on rehearing); *see also Ex parte Scott*, 633 S.W.2d 823, 825 (Tex.Crim.App.1980) (op. on rehearing) (holding there is no double jeopardy violation in applicant's convictions for aggravated rape and robbery). The Double Jeopardy Clause does not restrict a legislature from carving as many offenses as it chooses from one transaction so long as each offense requires "proof of a fact which the other does not." *Phillips v. State*, 787 S.W.2d 391, 394 (Tex.Crim.App.1990). The Double Jeopardy Clause prohibits multiple punishments for conduct that violates a statute "only once." *See State v. Houth*, 845 S.W.2d 853, 870–71 (Tex.Crim.App. 1992) (Benevides, J., concurring).

The Legislature defines whether offenses are the same "by prescribing the 'allowable unit of prosecution,' which is a distinguishable discrete act that is a separate violation of the statute." *Ex parte Hawkins*, 6 S.W.3d 554, 557 (Tex.Crim. App.1999). The discovery of the allowable unit of prosecution is a task of statutory construction. *Id.*

Examples of statutes that allow multiple prosecutions for multiple victims are the Penal Code provisions for assaultive offenses. The Court of Criminal Appeals has held that the allowable unit of prosecution for an assaultive offense is each victim. *See Ex parte Hawkins*, 6 S.W.3d at 560 (robbery); *Phillips*, 787 S.W.2d at 394–95 (assault); *Ex parte Rathmell*, 717 S.W.2d 33, 36 (Tex.Crim.App.1986) (voluntary manslaughter). A person commits the offense of robbery if the person, in the course of committing a theft and with the intent to obtain or maintain control of the property, "intentionally, knowingly, or recklessly causes bodily injury *to another*" or "intentionally or knowingly threatens or places *another* in fear of imminent bodily injury or death." Tex. Pen.Code Ann. § 29.02(a) (Vernon 2003) (emphasis added). A person commits the offense of assault if the person "intentionally, knowingly, or recklessly causes bodily injury *to another,* including the person's spouse." *Id.* § 22.01(a)(1) (Vernon Supp.2004–05) (emphasis added). A person commits the offense of voluntary manslaughter (criminally negligent homicide) if the person "causes the death of an *individual* by criminal negligence." *Id.* § 19.05(a) (Vernon 2003) (emphasis added). "Another" is defined as "a person other than the actor"; "Person" is defined as "an individual, corporation, or association"; and "Individual" is defined as a human being who has been born and is alive. *Id.* § 1.07(a)(5), (26), (38) (Vernon Supp.2004–05).

### Double Jeopardy Analysis for Reckless Driving Offense

The Legislature has the power to establish and define crimes. If the Legislature desired to establish separate and distinct crimes for each individual present and/or endangered at the time a defendant is driving recklessly, neither the Federal nor State Constitution would prevent the State from prosecuting for each offense. Thus, we must decide whether the Legislature intended that the defendant may be prosecuted for each individual present and/or endangered while a defendant is driving recklessly.

■ Section 545.401 of the Texas Transportation Code states:

(a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

(b) An offense under this section is a misdemeanor punishable by:

(1) a fine not to exceed $200;

(2) confinement in county jail for not more than 30 days; or

(3) both the fine and the confinement.

TEX. TRANSP. CODE ANN. § 545.401(a), (b) (Vernon 1999). Willful and wanton disregard as applied to reckless driving means deliberate and conscious indifference to the safety of others. *Benge v. State*, 94 S.W.3d 31, 36 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd).

■ The wording of section 545.401 is unambiguous. It does not use the words "another," "person," or "individual." *See* TEX. PEN.CODE ANN. §§ 19.05(a), 22.01(a)(1), 29.02(a); *Ex parte Hawkins*, 6 S.W.3d at 560; *Phillips*, 787 S.W.2d at 394–95; *Ex parte Rathmell*, 717 S.W.2d at 36. It uses the plural word "persons," and provides that a person commits the offense of reckless driving if he drives in willful or wanton disregard for the safety of persons or property. It does not provide a distinct offense against each person/individual present or endangered by a single act of reckless driving. *See Spradling*, 773 S.W.2d at 556. Proof of an identifiable individual as an additional element of the statute is not required, and thus an offense against each person present whose safety is endangered would not constitute a separate allowable unit of prosecution. *See Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182; *Phillips*, 787 S.W.2d at 394. Thus, double jeopardy prohibits multiple punishments for the same incident of reckless driving. *See Houth*, 845 S.W.2d at 870–71.

■ Steels was charged and convicted of three counts of reckless driving. The only difference between the counts is the name of a person present whose safety was endangered. Steels received 30 days in jail for each conviction. All three persons were part of the same group at the same location in the parking lot, and were all endangered at the same time as a result of the same conduct of Steels. Because Steels violated the reckless driving statute "only once" as to these three victims, we find a violation of double jeopardy and vacate the convictions on counts one and two. *See Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182; *Spradling*, 773 S.W.2d at 556; *Houth*, 845 S.W.2d at 870–71; *Phillips*, 787 S.W.2d at 394.

## FACTUAL SUFFICIENCY

Because we vacate the convictions on counts one and two, we need not address Steels' factual sufficiency issue.

## CONFRONTATION CLAUSE

■ Steels also argues a Confrontation Clause violation. Even though this is not presented as a separate issue, we will address it. A defendant waives an alleged violation of his right to confrontation by failing to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990). Accordingly, we find that Steels did not preserve his complaint regarding a violation of his right to confrontation. *See* TEX.R.APP. P. 33.1; *Briggs*, 789 S.W.2d at 924. We overrule Steels' confrontation issue.

## CONCLUSION

Having found a violation of Steels' double jeopardy right, we vacate the judgments on counts one and two. Because Steels does not raise issues regarding

count three, we affirm the judgment as to that count.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

In *Ramirez v. State*, 36 S.W.3d 660 (Tex. App.-Waco 2001, pet. ref'd), we went through an exhaustive analysis of bringing a double jeopardy complaint on appeal. With regard to whether or not a double jeopardy claim had to be preserved at the trial court, we stated

> Ordinarily, this initial lapse in preservation would end our discussion. *See* TEX.R.APP. P. 33.1. However, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when (2) the enforcement of the usual rules of procedural default serves no legitimate state interest. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex.Crim.App. 2000); *Murray v. State*, 24 S.W.3d 881, 888 (Tex.App.-Waco 2000, no pet.). *See also Shaffer v. State*, 477 S.W.2d 873, 876–877 (Tex.Crim.App.1971).

*Id.* at 666.

Allowing an appellant to raise, brief, and argue an issue not presented to the trial court, as described in the foregoing paragraph, is a far cry different than what the majority is doing in this case. When the appellant identifies the issue and includes in its brief a full discussion of the merits of the issue, the advocacy system works because the State also has notice of the opportunity to brief the issue and counter with its arguments. However, when the court, identifies, briefs, and decides an issue I have never known it to lose that argument. At least not at that level. We have, however, been repeatedly told that

we should not do this for litigants. *See Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim.App.2002); *Gerron v. State*, 97 S.W.3d 597 (Tex.Crim.App.2003). This is particularly appropriate in this case where, if the majority is correct, the appropriate vehicle through which to attack the issue is by a writ of habeas corpus originally filed in the trial court for development of necessary factual underpinnings, if any, which would attack the validity of the three judgments on double jeopardy grounds, if appropriate.

I do not join in the majority's efforts to lawyer this case for the litigant. Because Appellant failed to preserve or present a double jeopardy claim, I dissent.