

IN THE
TENTH COURT OF APPEALS

No. 10-11-00008-CR

BUDDY VINCENT GERTZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F39552

MEMORANDUM  OPINION

Buddy Gertz was charged by indictment with two third-degree felony counts of injury to a child.  Count one alleged that, on or about May 22, 2004, Gertz intentionally or knowingly caused bodily injury to a child by striking her with a wooden board.  Count two alleged that, on the same date, Gertz intentionally or knowingly caused bodily injury to the same child by striking her with a belt.  A jury found him guilty on both counts and for count one assessed a two-year prison sentence.  For count two, Gertz was assessed a seven-year prison sentence that was probated for ten years of

community supervision and a $5,000.00 fine that was not probated. Gertz served his two-year sentence and, upon release, began his ten years of community supervision.

The State moved to revoke Gertz's community supervision on the grounds that he had not paid his fine or his supervision fees for many months and had failed to report. Gertz pled true to the allegations, and the State presented evidence that Gertz had not paid his fine and fees and had failed to report. The trial court found that Gertz had violated his terms of community supervision and revoked it. The trial court sentenced him to seven years in prison. Raising three issues, Gertz appeals. We will affirm.

In his first issue, Gertz asserts that his two sentences violate Double Jeopardy because he is being punished twice for the same offense.[1] He claims that the State alleged two different manner and means of committing one offense: injury to a child by striking her with a board and by striking her with a belt.

Gertz did not raise his Double Jeopardy claim at his revocation hearing or at his original criminal trial. Gertz argues that he can raise his Double Jeopardy claim for the first time in this appeal; the State disagrees.

"[B]ecause of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when (2) the enforcement of the usual

---

[1] The Double Jeopardy Clause protects against multiple punishments for the same offense. *Steels v. State,* 170 S.W.3d 765, 769 (Tex. App.—Waco 2005, no pet.) (citing *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980)).

rules of procedural default serves no legitimate state interest." *Ramirez v. State*, 36 S.W.3d 660, 666 (Tex. App.—Waco 2001, pet. ref'd) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); and *Murray v. State*, 24 S.W.3d 881, 888 (Tex. App.—Waco 2000, no pet.)).

We agree with the State. The undisputed facts do not show that the alleged double jeopardy violation is clearly apparent on the face of the record; we do not have the record from Gertz's criminal trial before us. The State notes that the two offenses could have involved discrete and separate acts and bodily injuries,[2] but the revocation record sheds no light either way on that possibility.[3] Moreover, the State asserts that, assuming a double-jeopardy violation, the proper remedy would be to retain the most serious punishment and vacate any remaining convictions that are the "same" for double-jeopardy purposes. *Steels*, 170 S.W.3d at 769. Vacating the two-year sentence that Gertz has already served would serve no legitimate state purpose. Because Gertz may not raise his Double Jeopardy claim for the first time in this appeal, we overrule issue one.

Gertz's second issue asserts that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment because it is excessive. He claims that his

---

[2] "The protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction." *Steels*, 170 S.W.3d at 769 (citing *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989)).

[3] It is permissible to convict a defendant for two violations of the same statute on the same day as long as the State can prove that two separate and discrete incidents occurred on that day comprising two violations of the same statutorily defined offense. *Villanueva v. State*, 227 S.W.3d 744, 748-49 (Tex. Crim. App. 2007). "The commission of 'multiple discrete assaults against the same victim' results in liability for separate prosecution and punishment for every instance of such criminal misconduct." *Gonzales v. State*, 191 S.W.3d 741, 748 (Tex. App.—Waco 2006, pet. ref'd) (citing *Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992)).

punishments were stacked; *i.e.*, that he served his two-year sentence on count one and thereafter started his ten years' probation on count two, culminating in a total of twelve years' supervision by the State, yet the maximum sentence for a third-degree felony is ten years. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2011). The State correctly notes that Gertz's sentences were not stacked (ordered to be served consecutively). A judgment was entered on each count, and each judgment states that they are to run concurrently.

The State also notes that Gertz did not object to his sentence on this ground in the trial court.[4] A defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Gertz's second issue is not preserved and is thus overruled. TEX. R. APP. P. 33.1.

In his third issue, Gertz alleges that his sentence is illegal. He reasserts that he served his two-year sentence on count one and thereafter started his ten years' probation on count two, culminating in a total of twelve years' supervision by the State. But again, the State notes that the judgments state that they are to run concurrently. As such, the State posits, Gertz's ten-year community supervision for count two began at the same time as his sentence on count one. We agree.

Moreover, we agree with the State's contention that, even if Gertz is correct, his

---

[4] No complaint or objection on this ground was made in the revocation proceeding. Gertz has not brought forth a reporter's record from his criminal trial showing that this complaint was made then, nor does he even assert that this complaint was made in his criminal trial.

sentence on count two and the trial court' revocation order are still valid. When a community-supervision period exceeds that prescribed by law, an order placing the defendant on community supervision is void only to the extent that it subjects the defendant to probationary supervision beyond that authorized by law. *Pedraza v. State*, 562 S.W.2d 259, 260 (Tex. Crim. App. 1978). Any violation of the conditions of community supervision that occurred and were alleged in a motion to revoke within the permissible community-supervision period will support a revocation order. *Id.*

In this case, Gertz was placed on community supervision on April 7, 2006 for ten years. The State's first amended motion to revoke was filed on October 15, 2010—four and one-half years later—well within the permissible period for community supervision. Accordingly, the trial court's count two judgment placing Gertz on community supervision and its revocation order are valid. We overrule issue three.

Having overruled all three issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]