**Robert Glen PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 478–88, 479–88.**

Court of Criminal Appeals of Texas,
En Banc.

April 11, 1990.

Dwight P. McDaniel, Longview, for appellant.

David Brabham, Dist. Atty., and William K. Gleason & Nelda F. Williams, Asst. Dist. Attys., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted in a single trial for the aggravated assault on two individuals. V.T.C.A., Penal Code, § 22.02(a)(1). Punishment was assessed at two consecutive terms of nine years in the Texas Department of Corrections.[1] In a published opinion the Court of Appeals affirmed the convictions but reformed the judgment, ordering the sentences to run concurrently rather than consecutively. *Phillips v. State* (Tex.App.—Tyler [12th Dist.] 1988).

We granted the State's Petition for Discretionary Review to determine whether the Court of Appeals erred in holding the imposition of consecutive sentences violates state and federal double jeopardy law where appellant was charged separately and convicted, in a consolidated trial, for the aggravated assault of two victims injured as a result of appellant's committing one unlawful act. We will reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court order-

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

ing appellant's sentences to run consecutively.

The record reflects appellant, while driving under the influence of alcohol, caused his automobile to cross the center stripe of the roadway and collide with an oncoming car. The driver and passenger of the car suffered serious injuries as a result of appellant's reckless behavior. Soon after the accident, appellant was indicted separately for the aggravated assault of each person he injured. Both indictments are virtually identical, the only difference being in cause no. 15,313–B appellant was charged with the aggravated assault of Blakely and in cause no. 15,315–B he was charged with the aggravated assault of McCarthy.

Appellant moved to consolidate his cases in one trial. The trial court granted his request. Subsequently, a jury convicted appellant of both assaults and assessed punishment for each offense at nine years confinement. The trial court noted in its ejudgment, and admonished the appellant in open court, the nine year sentence in cause no. 15,315–B would begin after the completion of the sentence in cause no. 15,313–B.

On direct appeal appellant complained he was denied protection provided by the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Texas Constitution because he was punished twice for the same offense. The Court of Appeals agreed with appellant's claim and rejected the State's argument that this Court's opinion in *Ex Parte Rathmell*, 717 S.W.2d 33 (Tex.Crim.App.1986), disposed of appellant's contention.

**2.** Conceptually, the state and federal constitutional provisions are identical. *See Ex parte Peterson*, 738 S.W.2d 688 (Tex.Crim.App.1987); *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim. App.1982).

**3.** V.T.C.A., Penal Code, § 3.03, effective in cases where the offense occurred subsequent to January 1, 1974, states:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

■ The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Both the United States and Texas Constitutional provisions speak of double jeopardy in terms of the "same offense" rather than "same transaction." [2] *Spradling v. State*, 773 S.W.2d 553 (Tex.Crim. App.1989); *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim.App.1982).

While there has been much confusion in case law involving double jeopardy, it is well settled the Double Jeopardy Clause of the United States Constitution provides three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ The Court of Appeals correctly held that appellant waived his double jeopardy claim as to the multiple prosecutions when his motion to consolidate was granted.[3] *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). However, appellant did not waive his right to complain jeopardy barred the assessment of cumulative punishments for the alleged same offense. *Jeffers*, supra. It is to the merits of that claim we now turn.

Those cases where the offense occurred on or before September 1, 1987, as in the instant case, were subject to the definition of "criminal episode" found in V.T.C.A. Penal Code, § 3.01, which read:

In this chapter, "Criminal episode" means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property).

Subsequent to September 1, 1987, a "criminal episode" includes any and all offenses, regardless of the type. In terms of the instant case, a consolidated trial with multiple convictions would result in separate punishments mandated to run concurrently.

Appellant argues that he has been punished twice for a single offense. We disagree with appellant's assessment that only one offense occurred. This Court has recognized the protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction. *Spradling,* supra; *Jones v. State,* 514 S.W.2d 255 (Tex.Crim.App.1974); *Ward v. State,* 148 Tex.Crim. 186, 185 S.W.2d 577 (App.1945). Moreover, cumulative punishment, consistent with the double jeopardy clause, may be imposed where separate offenses occur in the same transaction, as long as each conviction requires proof of an additional element which the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Accord Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Brown v. Ohio,* supra; *United States v. Skalicky,* 615 F.2d 1117 (5th Cir. 1980). Although *Blockburger,* supra, addressed a situation where the criminal conduct violated two separate statutory provisions, its rationale is instructive to those situations where multiple victims are injured in violation of a single statute. *Spradling,* supra. The Supreme Court noted in *Blockburger,* supra, the double jeopardy clause of the Fifth Amendment does not restrict a legislature from carving as many offenses as it chooses from one transaction so long as each offense requires "proof of a fact which the other does not."

To convict appellant for the aggravated assault of Blakely clearly requires proof different than the evidence necessary to convict him for the aggravated assault of McCarthy. Even though, the proof of appellant's underlying unlawful act is the same, the physical injury of Blakely is mutually exclusive of the injury suffered by McCarthy. In other words, to convict for the assault of victim A the State need not prove the assault of victim B or vice versa. Rather, each offense requires proof of a fact which the other does not, i.e., the identity of each victim, thus meeting the test established in *Blockburger,* supra. Because the two offenses at bar are not the "same offense" under *Blockburger,* su-pra, cumulative punishment assessed against appellant does not implicate double jeopardy considerations.

This court has consistently held defendants, while operating a motor vehicle and committing an unlawful act, may be convicted for each person injured and/or murdered, in violation a single statute. *Spradling,* supra; *Ex parte Rathmell,* supra. The Court of Appeals concluded, in the present case, that appellant's unlawful act was the same offense under the "same evidence" test outlined in *Blockburger,* supra. For the reasons stated above we disagree with the appeals court and find the result of appellant's unlawful act constituted two separate and distinct offenses.

In *Ex parte Rathmell,* supra, we addressed the issue of whether a defendant may be twice tried and convicted of involuntary manslaughter for more than one individual. V.T.C.A., Penal Code, § 19.05(a)(2). Deciding the second conviction did not violate double jeopardy, the Court focused its attention to the question of legislative intent. Judge McCormick writing for the majority, stated:

It is clear from the language of these statutes that the Legislature has determined and intends that the offense of involuntary manslaughter [as defined in Section 19.05(a)(2) ] is complete with the death of a single individual. Whether the other death in question occurred prior to, contemporaneously with, or subsequent to the death for which the appellant was first tried is of no consequence. Each individual death constitutes a complete and distinct offense (albeit under the terms of the one statute) and as such each death constituted a separate "allowable unit of prosecution."

*Rathmell,* 717 S.W.2d at 35, citing, *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). This rationale was adopted in large part due to the position taken on the issue by other jurisdictions. The majority of our sister states have held there are as many separate and distinct offenses as there are persons injured or killed by the unlawful operation of a motor vehicle, so that successive prosecu-

tions may be instituted against the person who committed the unlawful act without violating the rule against double or former jeopardy. 7A Am.Jur.2d, *Automobiles and Highway Traffic*, § 391 (1980); *See generally* Annotation *Single Act Affecting Multiple Victims as Constituting Multiple Assaults or Homicides*, 8 A.L.R. 4th 960, 964 (1981), and the cases cited therein.

It is axiomatic the Legislature has the power and the vested authority to establish and define crimes. Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses. *Sanabria*, supra.

 In this state, the Legislature has seen fit to define the offense in question, in Section 22.02(a)(1) of the Texas Penal Code as follows:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:

(1) causes the serious bodily injury to another, including the persons spouse;

An assault is defined in V.T.C.A., Penal Code, Section 22.01, as follows:

(a) A person commits an offense if the person:

(1) intentionally or knowingly, or recklessly causes bodily injury to another, including the person's spouse;

"Another" is defined in V.T.C.A., Penal Code, Section 1.07(a)(4), as follows:

"Another" means a person other than the actor.

A "person" is defined in V.T.C.A., Penal Code, Section 1.07(a)(27), as follows:

"Person" means an individual, corporation, or association.

Finally, an "individual" is defined in V.T.C.A., Penal Code, Section 1.07(a)(17), as follows:

"Individual" means a human being who has been born and is alive.

Applying the same analysis as we did in *Rathmell*, supra, we conclude the Legislature, when it enacted Section 22.02, supra, a result oriented statute, intended the offense of assault to be complete with the injury of a single individual. The wording of Section 22.02, supra, is unambiguous,

providing that "a person commits an offense if that person commits an assault against another." Thus, an actor commits a distinct offense against any person he injures and each of those injured constitutes a separate "allowable unit of prosecution." *Ex parte Rathmell*, supra, citing *Sanabria*, supra. The Double Jeopardy Clause has no application to a multiple victim offense when, as here, it is the legislative intent to prohibit serious bodily injury to persons and, accordingly, to enforce this intent by proscribing the appropriate punishment for each such offense. *See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed. The judgment of the trial court ordering appellant's sentences to run consecutively is reinstated.

CLINTON, Justice, dissents.

For the reasons expressed in the concurring opinion that he filed in *Ex parte Rathmell*, 717 S.W.2d 33, 36 (Tex.Cr.App.1986), Teague, J., dissents.