McFadin-BL v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-128-CR

     BARRY L. McFADIN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 43,560-272
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Barry L. McFadin was arrested for driving while intoxicated on August 24, 1995. 
He submitted a specimen of his breath at the time of his arrest to be tested for alcohol
concentration. The test revealed an alcohol concentration of at least 0.10. The Department of
Public Safety suspended McFadin's driver's license for sixty days ("ALR suspension") following
an administrative hearing on September 21, 1995. See Tex. Transp. Code Ann. §§ 524.012(b),
524.022 (Vernon Supp. 1997).



      The State filed an information in the County Court at Law No. 1 of Brazos County charging
McFadin with the offense driving while intoxicated. McFadin filed a pretrial Application for Writ
of Habeas Corpus with the 272nd Judicial District Court of Brazos County claiming double
jeopardy barred this prosecution. After a hearing on the merits, the court denied relief. McFadin
brings a single point that the trial court erred in denying the writ. He claims his prosecution is
violative of both the United States and the Texas Constitutions' double jeopardy provisions. We
address these provisions separately. See McCambridge v. State, 712 S.W.2d 499, 501 n.9 (Tex.
Crim. App. 1986).



THE FIFTH AMENDMENT
      In Tharp v. State, No. 168-96 (Tex. Crim. App. Nov. 25, 1996), the Court of Criminal
Appeals held that an ALR suspension is not "punishment" for double jeopardy purposes under the
Fifth Amendment. Tharp, slip op. at 5. For this reason, such a suspension will not bar a
subsequent DWI prosecution under the federal double jeopardy provision. Id. Therefore, we
overrule McFadin's point of error insofar as he claims a violation of the federal Double Jeopardy
Clause.
Tex. Const. art. I, § 14
      In most cases, the federal and state double jeopardy provisions are conceptually identical. 
Stephens v. State, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990). Both protect against a
second prosecution for the same offense after acquittal, a second prosecution for the same offense
after conviction, and multiple punishments for the same offense. United States v. Halper, 490
U.S. 435, 440, 109 S. Ct. 1892, 1897, 104 L. Ed. 2d 487 (1989); Phillips v. State, 787 S.W.2d
391, 393 (Tex. Crim. App. 1990). McFadin's point of error implicates only the third of these
protections.
      McFadin urges us to give the Texas Double Jeopardy Clause a more expansive application
than its federal counterpart on the basis of Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App.
1996). In Bauder, the Court held that when a prosecutor either intentionally or recklessly engages
in objectionable conduct which results in a mistrial, a retrial will be barred by Tex. Const. art.
I, § 14. Bauder, 921 S.W.2d at 699.


 However, Bauder was a multiple prosecutions case rather
than a multiple punishments case. Therefore, we decline to apply its reasoning to the facts of this
case. We will apply article I, section 14 in the same manner as the federal Double Jeopardy
Clause.



      Because McFadin's ALR suspension was not "punishment" for purposes of Tex. Const. art.
I, § 14, we hold that his DWI prosecution is not barred by double jeopardy.
CONCLUSION
      An ALR suspension is not "punishment" under the federal or state double jeopardy
provisions. Therefore, such a suspension will not serve as a bar to a subsequent prosecution for
DWI. We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Affirmed
Opinion delivered and filed January 22, 1997
Do not publish



ight: -0.0625in">Opinion delivered and filed August 6, 1997 
Do not publish