Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JAMES CARLE MORRIS,
)
 No. 08-02-00432-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 401st District Court

)


THE STATE OF TEXAS,
)
 of Collin County, Texas

)


 Appellee.
)
 (TC# 401-81501-01)


MEMORANDUM OPINION



 James Carle Morris appeals his conviction of deadly conduct with a firearm. Appellant
waived his right to a jury trial and entered a plea of not guilty to the aggravated assault charge
contained in the indictment. In a bench trial, the trial court acquitted Appellant of aggravated assault
but found him guilty of the lesser-included offense of deadly conduct. The court assessed
punishment at confinement for one year, but suspended the sentence and placed Appellant
on community supervision for one year. On appeal, Appellant argues that his conviction of the
lesser-included offense following acquittal of the greater offense violates the double jeopardy clause. 
Because we disagree, we affirm.

FACTUAL SUMMARY


 Appellant and Stacy Lee had lived together for ten years, and during their relationship,
Appellant had often subjected Lee to verbal, mental, and physical abuse. On the evening of
April 16, 2001, Appellant became angry with Lee because he could not find his business checkbook. 
He believed she had found the checkbook and taken it. Appellant yelled at Lee and then kicked her
several times as he headed outside to look for the checkbook in her truck. Lee knew Appellant
would beat her if she tried to leave the residence, so she got up and walked to the bedroom, hoping
to cool Appellant's temper by finding the checkbook. As she walked down the hall to the bedroom,
Appellant ran into their office where he kept a .44 Special Charter Arms Bulldog pistol and then
caught up to Lee in the hallway. Appellant jabbed the gun into Lee's back and pulled the trigger four
times. Lee did not know Appellant had the gun until she heard the hammer clicking. Appellant then
threw Lee against the washing machine, and began hitting her face and choking her. Lee saw the
handgun in Appellant's hand as he pointed it at her stomach. Lee knew that Appellant always kept
his guns loaded. Appellant later calmed down and went to bed. The following morning, after
Appellant went to work, Lee called 911 and reported the assault.

 Tim Walker, a deputy sheriff with the Collin County Sheriff's Office, arrived at Lee's home
that same morning. He observed and photographed bruises on Lee's face and legs. The State
introduced several photographs depicting the bruises on Lee's body. Walker also found the unloaded
.44 pistol on the computer desk and loose .44 special ammunition next to the gun. The hammer was
cocked and the .44 was "ready to fire." Walker seized the weapon and ammunition and booked it
into evidence. 

 In his trial testimony, Appellant contradicted Lee's version of events. He and Lee had been
discussing breaking up for several weeks because Appellant was unhappy that she did not keep the
house clean. When she came in that evening from taking her mother to dinner, they argued about
whether Lee had paid her dentist with checks Appellant had given her for that purpose. Lee was also
upset about the possible end of their relationship. Appellant denied pointing the pistol at Lee or dry-firing it at her because he insisted that he always kept the weapon loaded. He also denied hitting
her, kicking her, or choking her. He admitting grabbing her arm but claimed he only did so in self-defense to prevent her from striking him. 

 A grand jury indicted Appellant for aggravated assault by intentionally and knowingly
threatening Lee with imminent bodily injury and by using or exhibiting a deadly weapon, a firearm,
during the commission of the assault. The trial court found Appellant not guilty of aggravated
assault but found him guilty of the lesser-included offense of deadly conduct.

DOUBLE JEOPARDY


 In his sole issue, Appellant contends that his deadly weapon conviction is barred by the
double jeopardy clauses of the United States and Texas Constitutions because the conviction follows
his acquittal of aggravated assault. (1)
 Additionally, he urges a collateral estoppel argument. Appellant
reasons that his acquittal necessarily contains a finding that he did not threaten the complainant or
that he did not use or exhibit a firearm, both of which are elements of deadly conduct, and therefore,
the acquittal also bars his conviction of deadly conduct.

 The Double Jeopardy Clause of the United States Constitution protects against a second
prosecution for the same offense after acquittal or conviction and against multiple criminal
punishments for the same offense. Reynolds v. State, 4 S.W.3d 13, 19 (Tex.Crim.App. 1999), citing
North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); see also
Hudson v. United States, 522 U.S. 93, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997)(double jeopardy
protects against "multiple criminal punishments" for the "same offense"); United States v. Dixon,
509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556, 568 (1993)(double jeopardy also protects against
"successive prosecutions" for the "same criminal offense"). Because it is a component of federal
constitutional double jeopardy jurisprudence, the rule of collateral estoppel applies to the states only
in those cases which implicate the essential protections of the Fifth Amendment's double jeopardy
clause. Reynolds, 4 S.W.3d at 19, citing Showery v. Samaniego, 814 F.2d 200, 203-04 (5th Cir.
1987)(holding collateral estoppel does not rise to the level of a constitutional requirement "apart
from the double jeopardy clause" and declining to find the collateral estoppel doctrine cognizable
as a constitutional claim apart from those claims recognized under the double jeopardy clause).

 The State concedes that deadly conduct can be a lesser-included offense of aggravated
assault, and therefore, for double jeopardy purposes, they can be considered the "same offense." See
Parrish v. State, 869 S.W.2d 352, 354 (Tex.Crim.App. 1994). But the State asserts that the Double
Jeopardy Clause, and thus the doctrine of collateral estoppel, is not implicated here because
Appellant has not been subjected to a second prosecution. We agree. The Double Jeopardy Clause
is cast expressly in terms of being "twice put in jeopardy," and the United States Supreme Court has
consistently interpreted that clause to protect an individual from being subjected to the hazards of
trial and possible conviction more than once for an alleged offense. Ex parte Herron, 790 S.W.2d
623, 624 (Tex.Crim.App. 1990), citing Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 57
L.Ed.2d 1 (1978). Where successive prosecutions are at stake, the guarantee of not being twice
placed in jeopardy serves "a constitutional policy of finality for the defendant's benefit." Herron,
790 S.W.2d at 624; United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543, 553
(1971). This policy protects the accused from attempts to relitigate the facts underlying a prior
acquittal, and from attempts to secure additional punishment after a prior conviction and sentence. 
Herron, 790 S.W.2d at 624. Because Appellant was subjected to only one trial, his right to be free
from multiple trials for the same offense is not implicated. See Herron, 790 S.W.2d at 624. 
Consequently, the doctrine of collateral estoppel is not at issue here. Id.

 In an apparent abundance of caution, the State interprets Appellant's argument as possibly
challenging the legal sufficiency of the evidence to support his conviction. In our view, Appellant's
brief is based solely on his double jeopardy and collateral estoppel arguments and does not raise a
legal sufficiency challenge. We overrule the sole point and affirm the judgment of the trial court.



April 8, 2004 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Conceptually, the state and federal double jeopardy provisions are identical. Phillips v. State, 787 S.W.2d
391, 393 n.2 (Tex.Crim.App. 1990). Appellant acknowledges that the protection afforded by the state and federal
constitutions is coextensive, and therefore, he does not provide a separate analysis under the Texas Constitution. State
and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument
provided for each ground. Muniz v. State, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993) Heitman v. State, 815 S.W.2d
681, 690-91 n.23 (Tex.Crim.App. 1991). Therefore, we limit our analysis to the federal provision.