IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00107-CR

 

Danial Ray Steels,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 02-1950M

 



Opinion



 

Danial Ray Steels was convicted by a
jury on three counts of reckless driving, all charged in a single charging
instrument.  The court sentenced him to 30 days in jail on each count and no
fine.[1] 
Steels appeals the factual sufficiency of the evidence of counts one and two. 
We will vacate and set aside the judgments on counts one and two.

BACKGROUND

In 2002, Steels was driving his car
to the mall during his lunch break.  On the way to the mall, Steels allegedly
drove recklessly and became confrontational with three men in another car.  The
three men contacted the police, reported the incident, and met with the police
across the street from the mall.  As the three men were speaking with the
officer, they saw Steels driving in the parking lot of the mall across the
street.  The three men pointed Steels out to the officer, and another officer
drove over to the mall parking lot.

Steels sped away from the officer,
around a corner and close to a large group of people, including infants and
children.  The group had just exited the mall and was stepping off the curb
when Steels sped around the corner, and the adults had to pull the children
back.  Steels swerved down one of the parking lot lanes to avoid the group. 
The group flagged down the officer and said that Steels had almost hit them. 
Another police officer stopped Steels down the road, and he was cited for a
traffic violation (no insurance), warned that a warrant would be sought for the
reckless driving charges, and was allowed to go back to his workplace.  Later,
an arrest warrant was issued and served on Steels for reckless driving.

Steels was charged by information on
counts one and two for driving a motor vehicle upon a public roadway in willful
and wanton disregard for the safety of Vickie Frucci and Kim Becan,
respectively.  Steels was also charged with a third count as to Ettie Orts. 
Frucci, Becan, and Orts were the adults in the group of people exiting the
mall.

DOUBLE JEOPARDY

Our examination of the entire record
convinces us that we must vacate the convictions on counts one and two because
of fundamental double-jeopardy error.  We acknowledge that Steels did not
object as to double jeopardy, has not raised the issue on appeal,[2]
and we are mindful of the admonishment in Hailey v. State, cautioning
against reversal based on unpreserved complaints of error at trial that violate
“ordinary notions of procedural default.”  Hailey v. State, 87 S.W.3d
118, 121-22 (Tex. Crim. App. 2002).  For reasons we will state, review of this
fundamental double-jeopardy error does not violate the rules about procedural
default.

Authority to Review

It has long been settled that no
assignment of error on appeal is required in a criminal case.  Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Carter v. State,
656 S.W.2d 468, 468 (Tex. Crim. App. 1983).  “There is a fundamental
proposition pertaining to appellate functions of the Judicial Department: A
constitutional grant of appellate jurisdiction treats a right of appeal in
criminal cases ‘as a remedy to revise the whole case upon the law and facts, as
exhibited in the record, . . . .’”  Carter, 656 S.W.2d at 468 (citing The
Republic v. Smith, 1841 Tex. LEXIS 16, Dallam, 407 (Tex.)).  Thus, once jurisdiction of an appellate court is invoked, exercise of its
reviewing functions is limited only by its own discretion or a valid
restrictive statute.  Id. at 469; see also Perry v. State, 703
S.W.2d 668, 670 (Tex. Crim. App. 1986).  The Texas Constitution and the
statutes provide “a broad scope of review and revision . . . that is still
recognized, acknowledged and confirmed by the Legislature.”  See Carter,
656 S.W.2d at 469; Tex. Code Crim. Proc.
Ann. art. 44.25 (Vernon Supp. 2004).

Further, the right to be free from
cumulative punishments for the same crime, as guaranteed by the U.S. and State Constitutions, is such a basic and fundamental part of the American scheme
of justice that we may “ex mero motu or ex proprio or sua sponte” address an
issue involving this right in the interest of justice.  See Carter, 656
S.W.2d at 468; Martin v. State, 630 S.W.2d 952, 957-58 (Tex. Crim. App.
1982) (Teague, J., dissenting); see also Hensarling v. State, 829 S.W.2d
168, 173 (Tex. Crim. App. 1992); Howeth v. State, 645 S.W.2d 787, 788
(Tex. Crim. App. 1983).

We may review an unpreserved double-jeopardy
issue when (1) the undisputed facts show the double jeopardy violation is
clearly apparent on the face of the record and (2) when enforcement of usual
rules of procedural default serves no legitimate state interests.  Gonzalez
v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); Ramirez v. State,
36 S.W.3d 660, 666 (Tex. App.—Waco 2001, pet. ref’d); Murray v. State,
24 S.W.3d 881, 888 (Tex. App.—Waco 2000, pet. ref’d).  Both elements must be
satisfied as a precondition to our review of this issue that was not complained
of in the trial court.  See Murray, 24 S.W.3d at 888-89.

First, the record is fully
developed.  Steels stood trial on all three counts and has presented a complete
record of that trial for our consideration.  This error can be resolved on the
basis of the existing record, and it is not necessary to conduct further
proceedings to expand the record with new evidence.  See Gonzalez, 8
S.W.3d at 643; Murray, 24 S.W.3d at 889.  Thus, if there is a double
jeopardy violation, it can be determined from undisputed facts clearly apparent
on the face of the record.  See Gonzalez, 8 S.W.3d at 643; Murray,
24 S.W.3d at 889.

Second, enforcement of the usual
procedural default rules serves no legitimate state purpose in this situation.  The
appropriate remedy for a double-jeopardy violation here is to vacate two of the
convictions.[3]  Ball
v. United States, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 1673-74, 84 L.Ed.2d
740 (1985); Landers v. State, 957 S.W.2d 558, 559 (Tex. Crim. App.
1997).  As a matter of state law, if there is a double jeopardy violation, we would
be required to retain the conviction with the “most serious punishment,” and
vacate any remaining convictions that are the “same” for double jeopardy
purposes.  Landers, 957 S.W.2d at 560.  Because Steels’ convictions each
had the same punishment, a finding of a double jeopardy violation would result
in a judgment vacating two of the convictions.  See id. at 559 (Tex.
Crim. App. 1997); Nickerson v. State, 69 S.W.3d 661, 668 (Tex. App.—Waco
2002, pet. ref’d).  These changes would not require retrial or even a remand to
the trial court.  Thus, there are no adverse consequences resulting from a
review of an unpreserved double jeopardy issue, and no legitimate state
interests are negatively impacted by doing so.  See Shaffer v. State,
477 S.W.2d 873, 875-76 (Tex. Crim. App. 1971); Duckett v. State, 454
S.W.2d 755 (Tex. Crim. App. 1970).  Because both elements of the Gonzalez test
are satisfied, we will review “ex mero motu or ex proprio or sua sponte” an
unpreserved double jeopardy issue.  

Double Jeopardy Authority

The Double Jeopardy Clause of the Fifth
Amendment provides that no person shall “be subject for the same offence to be
twice put in jeopardy of life or limb.”  U.S.
Const. amend. V.  This provision is applicable to the States through the
Fourteenth Amendment.  See Brown v. Ohio, 432 U.S. 161, 164, 97 S.Ct.
2221, 2225, 53 L.Ed.2d 187 (1977).  The Texas Constitution provides that “[n]o
person, for the same offense, shall be twice put in jeopardy of life or
liberty.”  Tex. Const. art. I, §
14.  The Double Jeopardy Clause embodies three protections: (1) it protects
against a second prosecution for the same offense after acquittal; (2) it
protects against a second prosecution for the same offense after conviction;
and (3) it protects against multiple punishments for the same offense.  Illinois
v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); Ex
parte Broxton, 888 S.W.2d 23, 25 (Tex. Crim. App. 1994); see also Saenz
v. State, 2005 Tex. Crim. App. LEXIS 980, *3 (Tex. Crim. App. 2005); Harris
v. State, 34 S.W.3d 609, 612-13 (Tex. App.—Waco 2000, pet. ref’d) (finding
double jeopardy violation by defendant’s convictions for manslaughter and
intoxication manslaughter; vacated manslaughter conviction); Price v. State,
15 S.W.3d 577, 578 (Tex. App.—Waco 2000, pet. ref’d) (finding double jeopardy
violation by defendant’s conviction for possession of cocaine and possession of
cocaine with intent to deliver; vacated possession offense).

The protection against double jeopardy
is inapplicable where separate and distinct offenses occur during the same
transaction.  Spradling v. State, 773 S.W.2d 553, 556 (Tex. Crim. App.
1989).  Cumulative punishment, consistent with the Double Jeopardy Clause, may
be imposed where separate offenses occur in the same transaction, as long as
each conviction requires proof of an additional element which the other does
not.  Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182,
76 L.Ed. 306 (1932).  Although Blockburger addressed a situation where
the criminal conduct violated separate statutory provisions, its rationale is
instructive to those situations where multiple victims are injured in violation
of a single statute.  Spradling, 773 S.W.2d at 553.  In Blockburger,
the Supreme Court set forth the applicable test:

The applicable rule is that where the same act
or transaction constitutes a violation of two distinct statutory provisions the
test to be applied to determine whether there are two offenses or only one, is
whether each provision requires proof of a fact which the other does not.

 

Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.  “At trial there may be a
substantial overlap in the proof of each offense; however, it is the separate
statutory elements of each offense which must be examined under this test.”  Ex
parte McWilliams, 634 S.W.2d 815, 824 (Tex. Crim. App. 1980) (op. on
rehearing); see also Ex parte Scott, 633 S.W.2d 823, 825 (Tex. Crim.
App. 1980) (op. on rehearing) (holding there is no double jeopardy violation in
applicant's convictions for aggravated rape and robbery).  The Double Jeopardy
Clause does not restrict a legislature from carving as many offenses as it
chooses from one transaction so long as each offense requires “proof of a fact
which the other does not.”  Phillips v. State, 787 S.W.2d 391, 394 (Tex.
Crim. App. 1990).  The Double Jeopardy Clause prohibits multiple punishments
for conduct that violates a statute “only once.”  See State v. Houth,
845 S.W.2d 853, 870-71 (Tex. Crim. App. 1992) (Benevides, J., concurring).

The Legislature defines whether
offenses are the same “by prescribing the ‘allowable unit of prosecution,’
which is a distinguishable discrete act that is a separate violation of the
statute.”  Ex parte Hawkins, 6 S.W.3d 554, 557 (Tex. Crim. App. 1999). 
The discovery of the allowable unit of prosecution is a task of statutory
construction.  Id.

Examples of statutes that allow
multiple prosecutions for multiple victims are the Penal Code provisions for
assaultive offenses.  The Court of Criminal Appeals has held that the allowable
unit of prosecution for an assaultive offense is each victim.  See Ex parte
Hawkins, 6 S.W.3d at 560 (robbery); Phillips, 787 S.W.2d at 394-95
(assault); Ex parte Rathmell, 717 S.W.2d 33, 36 (Tex. Crim. App. 1986)
(voluntary manslaughter).  A person commits the offense of robbery if the
person, in the course of committing a theft and with the intent to obtain or maintain
control of the property, “intentionally, knowingly, or recklessly causes bodily
injury to another” or “intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.”  Tex. Pen. Code Ann. § 29.02(a) (Vernon 2003)
(emphasis added).  A person commits the offense of assault if the person
“intentionally, knowingly, or recklessly causes bodily injury to another,
including the person’s spouse.”  Id. § 22.01(a)(1) (Vernon Supp. 2004-05)
(emphasis added).  A person commits the offense of voluntary manslaughter
(criminally negligent homicide) if the person “causes the death of an individual
by criminal negligence.”  Id. § 19.05(a) (Vernon 2003) (emphasis
added).  “Another” is defined as “a person other than the actor”; “Person” is
defined as “an individual, corporation, or association”; and “Individual” is
defined as a human being who has been born and is alive.  Id. §
1.07(a)(5), (26), (38) (Vernon Supp. 2004-05).

Double Jeopardy Analysis for Reckless Driving
Offense

The Legislature has the power to
establish and define crimes.  If the Legislature desired to establish separate
and distinct crimes for each individual present and/or endangered at the time a
defendant is driving recklessly, neither the Federal nor State Constitution
would prevent the State from prosecuting for each offense.  Thus, we must
decide whether the Legislature intended that the defendant may be prosecuted
for each individual present and/or endangered while a defendant is driving
recklessly.

Section 545.401 of the Texas
Transportation Code states:

(a)  
A person commits an offense
if the person drives a vehicle in willful or wanton disregard for the safety of
persons or property.

(b)  
An offense under this
section is a misdemeanor punishable by:

(1)  
a fine not to exceed $200;

(2)  
confinement in county jail
for not more than 30 days; or

(3)  
both the fine and the
confinement.

 

Tex. Transp. Code Ann. § 545.401(a), (b) (Vernon 1999).  Willful and wanton disregard as applied to
reckless driving means deliberate and conscious indifference to the safety of
others. Benge v. State, 94 S.W.3d 31, 36 (Tex. App.—Houston [14th Dist.]
2002, pet. ref'd).

The wording of section 545.401 is
unambiguous.  It does not use the words “another,” “person,” or “individual.”  See
Tex. Pen.
Code Ann. §§ 19.05(a), 22.01(a)(1),
29.02(a); Ex parte Hawkins, 6 S.W.3d at 560; Phillips, 787 S.W.2d
at 394-95; Ex parte Rathmell, 717 S.W.2d at 36.  It uses the plural word “persons,” and provides
that a person commits the offense of reckless driving if he drives in willful
or wanton disregard for the safety of persons or property.  It does not provide
a distinct offense against each person/individual present or endangered by a single
act of reckless driving.  See Spradling, 773 S.W.2d at 556.  Proof of an
identifiable individual as an additional element of the statute is not required,
and thus an offense against each person present whose safety is endangered
would not constitute a separate allowable unit of prosecution.  See Blockburger,
284 U.S. at 304, 52 S.Ct. at 182; Phillips, 787 S.W.2d at 394.  Thus,
double jeopardy prohibits multiple punishments for the same incident of
reckless driving.  See Houth, 845 S.W.2d at 870-71.

Steels was charged and convicted of
three counts of reckless driving.  The only difference between the counts is
the name of a person present whose safety was endangered.  Steels received 30
days in jail for each conviction.  All three persons were part of the same
group at the same location in the parking lot, and were all endangered at the
same time as a result of the same conduct of Steels.  Because Steels violated
the reckless driving statute “only once” as to these three victims, we find a
violation of double jeopardy and vacate the convictions on counts one and two. 
See Blockburger, 284 U.S. at 304, 52 S.Ct. at 182; Spradling,
773 S.W.2d at 556; Houth, 845 S.W.2d at 870-71; Phillips, 787
S.W.2d at 394.

FACTUAL SUFFICIENCY

Because we vacate the
convictions on counts one and two, we need not address Steels’ factual
sufficiency issue.




CONFRONTATION CLAUSE

Steels also argues a Confrontation Clause
violation.  Even though this is not presented as a separate issue, we will
address it.  A defendant waives an alleged violation of his right to
confrontation by failing to object at trial.  Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990).  Accordingly, we find that Steels did
not preserve his complaint regarding a violation of his right to
confrontation.  See Tex. R. App.
P. 33.1; Briggs, 789 S.W.2d at 924.  We overrule Steels’ confrontation
issue.

CONCLUSION

Having found a violation
of Steels’ double jeopardy right, we vacate the judgments on counts one and
two.  Because Steels does not raise issues regarding count three, we affirm the
judgment as to that count.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray dissenting)

Judgments on counts one
and two vacated; judgment affirmed as to count three

Opinion delivered and
filed July 20, 2005

Publish 

[CR25]









    [1]           The
court signed and entered three separate judgments.





    [2]           One
could argue that the issue on appeal “fairly includes a double-jeopardy
complaint, but we will treat it as not raising the issue.





    [3]           Counts
one and two are before us on a factual sufficiency issue.