# NO. 12-14-00154-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KIMBERLY BOWMAN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kimberly Bowman appeals her conviction for possession of a prohibited substance in a correctional facility for which she was sentenced to imprisonment for ten years. On appeal, she raises two issues. We affirm.

### BACKGROUND

Steve Black, an officer with the Tyler Police Department, was on patrol when he witnessed a traffic violation and initiated a traffic stop. Appellant was a passenger in the vehicle that Black stopped. As Black approached the vehicle, he saw Appellant put something between the seat and the center console. Black asked and received consent from the driver to search the vehicle. During the search, Black found what appeared to be drugs and drug paraphernalia by the passenger seat where Appellant had been. Black arrested Appellant.

On the trip to the Smith County jail, Melinda Melara, another officer with the Tyler Police Department, asked Appellant if she had any drugs on her person. Appellant denied possessing any drugs. The officers informed Appellant that if she brought any illegal substance or narcotic into the jail, she would be charged with an additional offense. Again, Appellant denied possessing any illegal substances. Upon arriving at the correctional facility, Appellant was strip searched. An officer found what appeared to be methamphetamine in Appellant's bra. A forensic chemist with

the Texas Department of Public Safety later tested the substance and confirmed that it was methamphetamine.

Appellant was charged in two separate indictments for possession of a controlled substance, methamphetamine, in an amount of less than one gram, and for possession of a prohibited substance, methamphetamine, in a correctional facility. Appellant pleaded "not guilty" to both indictments, and the cases were tried together in a bench trial. The trial court found Appellant not guilty of possession of a controlled substance, methamphetamine, and guilty of possession of a prohibited substance, methamphetamine, in a correctional facility. The court then assessed Appellant's punishment at imprisonment for ten years. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In her first issue, Appellant argues that the evidence is legally insufficient to support her conviction because the trial court acquitted her of the lesser included offense of possession of a controlled substance.

### Standard of Review and Applicable Law

Legal sufficiency of the evidence is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd); *see also Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead,

we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks***, 323 S.W.3d at 899-900; ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

To support Appellant's conviction for possession of a prohibited substance in a correctional facility as charged in the indictment, the State must prove that Appellant possessed a controlled substance, namely, methamphetamine, while in a correctional facility or on property owned, used, or controlled by a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11 (d)(1) (West 2011). A county jail is a correctional facility. *See* TEX. PENAL CODE ANN. § 1.07(a)(14) (West Supp. 2014).

**Application**

Appellant argues that the evidence is insufficient to support her conviction for possession of a prohibited substance in a correctional facility because the trial court found the evidence to be legally insufficient to support the lesser included offense of possession of a controlled substance. In other words, Appellant claims that "by formally acquitting [Appellant] of the offense of possession of a controlled substance, the trial court necessarily found that at least one element of the greater offense was not proved beyond a reasonable doubt." We disagree.

First, Appellant misinterprets the basis for her acquittal on the possession of a controlled substance charge. At the conclusion of the evidence, the trial court was concerned about a potential violation of the Double Jeopardy Clause[1] and asked the State for clarification on the two charges. The State confirmed that both charges related to the methamphetamine found in Appellant's bra at the Smith County jail.[2]

---

[1] U.S. CONST. amend. V.

[2] Although not completely clear from the record, the State appeared to contend that Appellant could be convicted of both charged offenses without a double jeopardy violation because Appellant possessed the methamphetamine outside the correctional facility, was warned about the consequences of possessing drugs inside the

The trial court commented to the parties that

> if it turns out that the less than a gram is not an element, then I don't think the possession has an element that's not required in the prohibited substance. So, in that instance, the Court could only find [Appellant] not guilty of one of the charges. Although [the court] could find [Appellant] guilty of either charge, but maybe not the both.

The court then recessed the trial so that both parties could research the double jeopardy issue. The next morning, the court provided further clarification on the two charges as follows:

> The court finished hearing evidence yesterday and heard argument of counsel. There really arose a question regarding double jeopardy. It was really not specifically raised by the defense but was raised by the Court, although I think [Appellant's counsel] has sort of talked about it a little bit.

Appellant's counsel confirmed to the trial court that Appellant was challenging the trial court's ability to find Appellant guilty of both offenses without violating the Double Jeopardy Clause. The trial court then acquitted Appellant on the charge relating to the possession of a controlled substance, but convicted Appellant on the charge relating to the possession of a prohibited substance in a correctional facility. There is nothing in the record indicating that the trial court believed the evidence was insufficient to establish any of the required elements of possession of a controlled substance.

Second, the evidence is sufficient to support Appellant's conviction for possession of a prohibited substance in a correctional facility, and, as it relates to legal sufficiency, that is our only inquiry. *See Crawford v. State*, No. 05-12-01072-CR, 2013 WL 3554307, at *4 (Tex. App.—Dallas July 11, 2013, pet. ref'd) (op., not designated for publication) (When . . . an appellant asserts a conflict between a [fact finder's] verdicts on the same facts, we will examine the sufficiency of the evidence to support the verdict rather than speculate on how the [fact finder] arrived at its verdict."). Inconsistent verdicts do not equate to insufficient evidence. *See Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

In her appellate brief, Appellant concedes that the State presented strong evidence that she committed the offense. And based upon our review of the record, we agree with Appellant's concession. The evidence was strong, and uncontroverted, that Appellant had methamphetamine, a

---

correctional facility, and nevertheless brought the methamphetamine inside the correctional facility. Thus, the State posited that Appellant committed two separate offenses.

prohibited substance, in her bra while at the Smith County jail, a correctional facility.  *See* TEX. PENAL CODE ANN. § 38.11.

Having examined the evidence in the light most favorable to the verdict, we conclude that the trial court could have found the essential elements of possession of a prohibited substance in a correctional facility beyond a reasonable doubt.  *See Brooks*, 323 S.W.3d at 899.  Thus, we hold that the evidence is legally sufficient to support the trial court's judgment.

We overrule Appellant's first issue.


<u>DOUBLE JEOPARDY</u>

In her second issue, Appellant contends that she is protected from punishment for possession of a prohibited substance in a correctional facility by the Double Jeopardy Clauses of the United States Constitution and the Texas Constitution.  Specifically, Appellant claims that the trial court could not convict her of the greater offense of possession of a prohibited substance in a correctional facility because she had been acquitted of the lesser included offense of possession of a controlled substance.

**<u>Preservation of Error</u>**

Failure to present a timely and specific objection, request, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal.  *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341-42 (Tex. Crim. App. 2004).  The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

When a party fails to effectively communicate her argument, any error will be deemed forfeited on appeal.  *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009).  An appellant's issues on appeal must comport with her objections and arguments at trial, and an objection stating one legal theory may not be used to support a different legal theory on appeal. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *see also* TEX. R. APP. P. 33.1.

A defendant has the burden to "preserve, in some fashion" a double jeopardy objection at the trial court level.  *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (en banc). But a double jeopardy claim may be raised for the first time on appeal when (1) the double

jeopardy violation is clearly apparent on the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

## Applicable Law

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.[3] This clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Watkins*, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App. 2002).

The Fifth Amendment's multiple punishments prohibition is violated only when a defendant "is convicted of more offenses than the legislature intended." *See Saenz v. State*, 166 S.W.3d 270, 272 (Tex. Crim. App. 2005); *see Vick v. State*, 991 S.W.2d 830, 834 (Tex. Crim. App. 1999) ("[O]ne transaction of aggravated sexual assault can result in the commission of separate statutory offenses[.]"). The legislature did not intend multiple punishments for lesser offenses that are subsumed into a greater offense. *See Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (en banc). Thus, a multiple punishments violation can arise in the context of lesser included offenses when the same conduct is punished under two distinct statutes where the legislature intended for the conduct to be punished only once. *Garfias*, 424 S.W.3d at 58.

The Double Jeopardy Clause also protects against repeated or successive prosecutions. *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). However, the Double Jeopardy Clause does not protect against multiple count indictments against a defendant based on violations of different statutes arising from a single act when the defendant is convicted and sentenced for only one offense. *Id*.

## Analysis

Here, the trial court was concerned with a multiple punishments violation of the Double Jeopardy Clause. *See Ex parte Watkins*, 73 S.W.2d at 267 n.5. At trial, Appellant likewise raised a a multiple punishments concern. Appellant did not complain of a second prosecution after being acquitted of a lesser included offense at the trial court level. Instead, she raises that claim for the

---

[3] The Double Jeopardy Clause of the Texas Constitution is conceptually identical to its counterpart in the federal constitution. *See* TEX. CONST. art. I, § 14; *Phillips v. State,* 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990).

first time on appeal. Thus, Appellant's issue on appeal does not comport with her objection and argument at trial.

Moreover, the undisputed facts show that Appellant was not subjected to a successive prosecution. She was indicted on two separate charges based on violations of different statutes arising from a single act, was subjected to only one trial, and was convicted and sentenced for only one offense. *See **Ex parte Amador***, 326 S.W.3d at 205. Thus, no double jeopardy violation is clearly apparent from the face of the record. *See **Garfias***, 424 S.W.3d at 58. Consequently, the ordinary rules of procedural default apply, and Appellant has waived her double jeopardy issue by failing to raise it in the trial court. *See **id**.*; ***Broxton***, 909 S.W.2d at 918; *see also* TEX. R. APP. P. 33.1.

We overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered December 10, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 10, 2014

### NO. 12-14-00154-CR

**KIMBERLY BOWMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1255-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*