**Opinion filed October 19, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00005-CR

_____

### T-ROY QUANTRELL GRIFFIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20265B**

## M E M O R A N D U M   O P I N I O N

T-Roy Quantrell Griffin pleaded "guilty" to one count of the first-degree felony offense of burglary of a habitation with intent to commit robbery with a deadly weapon[1] and to one count of the second-degree felony offense of burglary of a habitation with intent to commit theft with a deadly weapon.[2]  The trial court

---

[1]TEX. PENAL CODE ANN. § 30.02(d) (West 2011).

[2]*Id.* § 30.02(c)(2).

assessed punishment at confinement for thirty years and twenty years, respectively, and sentenced him. In two issues on appeal, Appellant asserts that the trial court violated his Eighth Amendment right to be free from cruel and unusual punishment and asserts that the second conviction violates the Double Jeopardy Clause. We affirm in part and reverse in part.

## I. *Background Facts*

Appellant pleaded guilty to the two offenses in open court. The trial court ordered a presentence investigation report and conducted a disposition hearing. At the disposition hearing, the trial court heard testimony from several witnesses who testified that Appellant should receive probation and that he was remorseful for his crimes. These witnesses included Appellant's former employer, Jose Valenzuela, who testified that he would hire Appellant if Appellant were given probation; Appellant's grandmother, Jacqueline Griffin, who testified that Appellant would be a good candidate for probation; and Appellant's mother, Annette Williams, who also testified that Appellant would be a good candidate for probation. Appellant testified that he had changed his attitude while in jail and that he was apologetic for his crimes.

On cross-examination, Williams testified that she was aware of Appellant's conviction in a "state jail felony drug case," though she had never witnessed him use drugs. Appellant testified on cross-examination that he had received a conviction for possession of a controlled substance in 2012 and served sixty days in jail. In addition, Appellant described the offenses in this case where he and another individual had entered the habitation and robbed the victims at gunpoint. He also acknowledged that one of the victims now has post-traumatic stress disorder and is afraid to go outside because of the robbery. Having considered all the evidence, the court assessed a sentence of confinement for thirty years for the first count and twenty years for the second count.

## II. *Issues Presented*

In his first issue on appeal, Appellant asserts that that the trial court violated his right to be free from cruel and unusual punishment, as defined by the Eighth Amendment of the United States Constitution.[3] Appellant asserts in his second issue that the second conviction violates the Double Jeopardy Clause. We address his second issue first followed by his first issue.

## III. *Applicable Law and Standard of Review*

Both the United States Constitution and the Texas constitution protect individuals from multiple punishments for the same offense. *See Phillips v. State*, 787 S.W.2d 391, 393 (Tex. Crim. App. 1990). The Double Jeopardy Clause prevents (1) a second prosecution for the "same offense" after acquittal, (2) a second prosecution for the "same offense" after conviction, and (3) multiple punishments for the "same offense." *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (citing *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991)); *Lopez v. State,* 108 S.W.3d 293, 295–96 (Tex. Crim. App. 2003)).

When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.* When a sentence falls within the statutory range of punishment, it is generally not "excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). The statutory range of punishment for a first-degree felony is confinement for life or for a term of not more than ninety-nine years or less than five years. PENAL § 12.32(a) (West 2011). The trial court may also assess a fine of up to $10,000. *Id.* § 12.32(b). The statutory range of punishment for a second-degree felony is confinement for not more than

---

[3]U.S. CONST. amend. VIII.

twenty years or less than two years. *Id.* § 12.33(a). The trial court may also assess a fine of up to $10,000. *Id.* § 12.33(b).

We note that there is a narrow exception that allows for a holding that an individual's sentence constitutes cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 287 (1983). The Eighth Amendment prohibits grossly disproportionate sentences for an offense. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

IV. *Analysis*

A. <u>*Issue Two*</u>: *Appellant's second conviction violates the Double Jeopardy Clause.*

Appellant asserts that the State sought multiple punishments for one offense. The State charged Appellant with two burglary offenses, and Appellant pleaded guilty to both offenses in open court. The State has reviewed the record and concedes that the two convictions violate double jeopardy. We agree. [T]he gravamen of a burglary is the entry without the effective consent of the owner and with the requisite mental state. *Ruth v. State*, No. 13-10-00250-CR, 2011 WL 3840503, at *7 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication). The allowable unit of prosecution in a burglary is the unlawful entry. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). In *Cavazos*, the court held that two convictions for a single unlawful entry violated double jeopardy. *Id.* at 337. We sustain Appellant's second issue on appeal.

We further note that, "[w]hen a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon*, 252 S.W.3d at 372. In *Ex Parte Cavazos*, the court held that, when a defendant is convicted for two offenses that are the "same" for double jeopardy purposes, the conviction for the "most serious" offense is retained and that for the less serious offense is set aside. *Cavazos*, 252 S.W.3d at 337. The "most serious" offense is the offense for which the greatest sentence was assessed. *Shelby v. State*, 448 S.W.3d 431, 440–41 (Tex. Crim. App. 2014) (citing *Cavazos*, 252 S.W.3d at 338). In this case, the first conviction, with a punishment of thirty years, is for the most serious offense, so we vacate the less serious, second conviction with the twenty-year sentence.

B. *Issue One*: *Appellant's sentence of confinement for thirty years is not cruel or unusual.*

Appellant asserts in his first issue that the trial court violated his right to be free from cruel and unusual punishment, as defined by the Eighth Amendment of the United States Constitution. He argues that the trial court violated evolving standards of decency when it sentenced him to confinement for thirty years and twenty years, respectively, and that the offenses did not warrant those sentences. In response, the State asserts that Appellant's sentences were not cruel and unusual because of his "offending history." The State also asserts that the sentences were not cruel and unusual because they fell within the statutory range of punishment. *See* PENAL §§ 12.32(a), 12.33(a). Because we have vacated the second conviction, we only address the first conviction here.

We note at the outset that Appellant made no objection to his sentence in the trial court, either at the time of disposition or in any posttrial motion, on any grounds; nor did he ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness, or excessiveness of the sentences. To

preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived, or forfeited, his complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence in violation of Eighth Amendment was forfeited by failure to object).

However, even if we are incorrect on the issue of forfeiture, Appellant's claim of cruel and unusual punishment still fails because his sentence was not cruel or unusual. In this case, the trial court assessed a sentence within the statutory range. Nonetheless, if the sentence is grossly disproportionate to the offense or sentences in other similar offenses, the sentence may violate the Eighth Amendment. *See Bradfield*, 42 S.W.3d at 353. To evaluate the proportionality of a sentence, the first step is for us to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Solem*, 463 U.S. at 291–92). We also consider the sentence imposed in light of the offender's prior adjudicated and unadjudicated offenses. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 53–54.

In this case, Appellant pleaded guilty to burglary of a habitation with intent to commit robbery with a deadly weapon. At the disposition hearing, Appellant testified that he and another individual robbed, at gunpoint, the occupants of a home and that one of the victims now has PTSD and is afraid to go outside. Additionally, Appellant admitted on cross-examination that he had previously been convicted for possession of a controlled substance, cocaine, and had served sixty days in jail. The trial court also heard arguments from counsel and reviewed the presentence investigation report before it made its decision. We have reviewed the record, and we find nothing in it to indicate that Appellant's sentence was grossly disproportionate to his offense. Based on the evidence presented, the trial court did not abuse its discretion when it sentenced Appellant to confinement for thirty years for the first-degree felony. We hold that Appellant's sentence does not constitute cruel and unusual punishment. *See Luttrell v. State*, No. 11-13-00327-CR, 2015 WL 5602365, at *2 (Tex. App.—Eastland Sept. 17, 2015, no pet.) (mem. op., not designated for publication). We overrule Appellant's first issue on appeal.

## V. *This Court's Ruling*

We vacate Appellant's conviction as to the second count, and we reverse the trial court's judgment and render a judgment of acquittal as to that count. With respect to the first count, we affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE

October 19, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.